GAYLE and PITTS, Administrators, v. BLACKBURN.

1. To an action by an administrator with the will annexed, appointed in this State, the defendant pleaded there was an executor appointed by will in South Carolina, where the testator died; that he proved the will, took possession of all the property, &c. that he was in this State, and under no legal disability. The plea was held good.
2. The plaintiff replies that the property in dispute was and yet is in this State, within the jurisdiction of its Courts, and that it never came to the possession of the executor, in South Carolina; that the letters were granted on a copy of the will proved in South Carolina, with the knowledge and assent of the executor, who never proved the will in this State, and that the grant of letters is unrepealed. Replication held insufficient.

MATTHEW GAYLE and GEORGE W. PITTS, as administrators of John Greening, brought an action of detinue in the Circuit Court of Dallas county against A. J. Blackburn, for a slave as the property of the deceased, by him detained. In their declaration they alleged they were appointed administrators, with the will annexed, of said Greening, by the Judge of the County Court of Dallas county. The defendant pleaded five pleas; the third of which alleged "that the deceased duly made and published his will in writing, and appointed Wade H. Greening one of his executors; that said Wade proved the will, and was duly qualified as executor before William Potts, ordinary of Sumpter District in South Carolina, on the 25th April, 1817; that he took upon himself the execution of said will, and took possession of all the effects of the deceased and had possession of the same at the time charged in the declaration, to wit, the 25th April, 1824, and has never been removed as such acting executor; that there is no legal disability to prevent said Wade from still acting as such, he being of lawful age, sound mind, and within the limits of this State. And so he saith that the plaintiffs are not such administrators as they have alleged," &c.

To this plea the plaintiffs replied, "that at the time of the death of said Greening and making his will in South Carolina, he had divers goods and chattels in this State, which never came to the possession of said Wade in South Carolina, but which were then and yet are in this State; that said Wade never proved the will in this State

Gayle & Pitts
v.
Blackburn.

or obtained letters testamentary therein; that the plaintiffs were on the 19th of April, 1824, with the knowledge, privity and consent of said Wade, appointed administrators, with the will annexed, of said Greening, by producing a copy of the probate of said will in the Court of Ordinary of South Carolina aforesaid, and the said property then being in Dallas county within the jurisdiction of said Court. All which proceedings of said Orphans' Court of Dallas county remain in full force, not vacated, &c. To which replication there was a general demurrer and joinder.

The Circuit Court sustained the demurrer and gave judgement for the defendant. From which judgement the plaintiffs appealed to this Court, and here assign as error, that judgement on the demurrer should have been given for the plaintiffs.

HITCHCOCK and THORINGTON, for the plaintiffs in error.

H. G. PERRY and GORDON, for the defendant.

JUDGE WHITE delivered the opinion of the majority of the Court.

THE attention of the Court has been exclusively directed to the sufficiency of this replication, and in case of its insufficiency, to the defectiveness of the third plea. The question arising on demurrer to this replication, it is obvious that the appointment of the plaintiffs as administrators, with the will annexed, of John Greening, and the validity of that appointment, are the turning points of the whole case now before us. It is well established by authority, and not controverted at the bar, that as this point comes up collaterally in the present case, we cannot pronounce the appointment by the Orphans' Court of Dallas county invalid, unless they were without jurisdiction, and their act utterly void. That it was merely voidable, would avail nothing in the present inquiry. Without adverting to other cases illustrative of the distinction between void and voidable acts, it is sufficient now to say that if the appointment was made with jurisdiction to the prejudice merely of a paramount claim to administration, which Wade H. Greening might have asserted, it would have been voidable. But if the Court of Dallas had been deprived of all jurisdiction in consequence of an executorship then subsisting and potentially in being,

sufficient for all the purposes of administration, then their act of appointment was void. It is all important then to inquire whether the Orphans' Court of Dallas had jurisdiction.

When a Court of Ordinary have granted letters testamentary to the persons entitled and capable of discharging the duties of the trust, they have emptied or divested themselves of jurisdiction by the transfer, and cannot resume jurisdiction over the same matter, until it reverts to them by the occurrence of some of those disabilities or events which either for the time or perpetually vacate the office ; as the nonage, insanity or death of the executor, the repeal of his letters, or in our State, his resignation in the way prescribed by statute. This is certainly true with respect to Courts in the same State. But Orphans' Courts in this State may, and no doubt have jurisdiction to appoint administrators with the will annexed in some instances, and under some emergencies, notwithstanding the due appointment and qualification of an executor in another State. I will go further, and admit that even the personal presence of such executor will not of itself, in all cases, divest our Courts of jurisdiction. We must not only be personally, but potentially present, so far as the exigencies of administration may require in each case. This is manifest when it is considered that a foreign executor, except as authorized by our statutes, has no power to assert a remedial right by suit. The statute of 1821,[a] permits him indeed to commence suit, but not to obtain judgement until he has had his letters testamentary certified and recorded as there prescribed. Furthermore, he must enter into bond with security according to its provisions, before he can receive money recovered by judgement, or otherwise due to him in his representative character.

In such a case then, where it is made to appear by proper allegations in the pleadings, that there was money to collect by suit or otherwise, or indeed an apparent necessity for any kind of an action, the executor from abroad might be here in person, and yet he would not be viewed as filling the full character of executor contemplated by law, necessary for the purposes of complete administration. Again, if such an executor were to come here and fail to take possession of other property than money either from neglect or inability, our Courts might acquire jurisdiction. Because otherwise,

a Laws Ala. 342.

some of the estate would go unadministered.    He could
not sue till he had complied with the statute.   The Courts
here could not  compel him  to sue, or  invest him with
authority to do so ; neither could they hold him responsi-
ble for the property, nor recognize him as executor, and
hence  I should believe an Orphans' Court  in this State
would acquire jurisdiction.    But whilst this  much is ad-
mitted, it does not to my mind follow that  every case of
a foreign executor, even where some of the property may
have been, or is in this State, presents the same necessity
for a new administration, or gives as a  matter of course,
jurisdiction to the Courts here to appoint.    If an execu-
tor qualifies and  takes all the  property  of his testator
into possession in another State, and removes  with that
property  to this, it  would not be contended  that  our
Courts  would thereby acquire jurisdiction.    In such a
case, he comes with full and ample authority to do every
thing necessary to be done, to discharge his duty and exe-
cute  his trust.    What then are  the facts stated in  this
plea ?  It is not pretended that any  of the ordinary legal
disabilities have accrued which would give  jurisdiction.
The executor is alleged to be of full age, sound mind, to
be in the State and to have taken and  had possession of
all the goods and effects of his testator's estate at the very
time when letters were  granted by the Orphans'  Court
of Dallas to the plaintiffs.    The replication does not
meet  this allegation with  respect  to  possession, but
evades it by stating that there  were goods  in this  State
which Wade H. Greening had not reduced to possession
in South Carolina.   The plea alleges possession in a man-
ner broad enough to embrace possession here as  well as
in South Carolina.  Nor is it perhaps very material where
this possession was taken, if  taken agreeable to law.  The
sufficiency then of  this replication will  depend on  this
question : had Wade H. Greening, who had qualified as
the executor of his father's will in South Carolina, a le-
gal right to reduce the property which he might find in
this State, into possession ? and if he had, what effect had
such  possession upon  the jurisdiction of the  Orphans'
Court  in this State ?    First then as to his right, and the
extent of it.    An administrator in England derives his
whole authority from the  ordinary, and therefore can do.
no act unless he has letters of administration granted to
him.    But an  executor derives all his interest  from the

JANUARY 1828.

Gayle & Pitts
v.
Blackburn.

will; and hence even before probate he may take possession of the property, collect and pay debts, confirm legacies, &c. If, however, it becomes necessary to sue, he must take out letters before he files his declaration. [a] The same book shews that before probate he may sell, [a 3 Bac. Abr. 52, 53.] give away, or dispose as he thinks proper, of the goods and chattels of his testator; and the reason ⚫assigned for all this is, that the will vests the interest to the property in the executor. The same authority in page 58, and Chief Justice Marshall in the case cited from 3d Cranch, [b] shew that as the will vests the right to, and [b Page 319.] power over the testator's property in the executor, and he is held responsible for the administration of the entire estate, he may take possession of it whenever found. This principle is clearly recognized by the Chief Justice, notwithstanding he decided in that very case that a foreign executor could not sue but by permission of the laws of the State where he brings his action. The amount then, of his decision is, that an executor may take possession of the property of his testator by virtue of the right vested in him by the will, provided he can get possession without suit. But if he has to resort to a suit, he must conform to the *Lex Fori* of the State, where he does sue. The disability extends only to the remedy, but in no way affects the right.

It is manifest then, according to this well settled principle of the common law, that in the case now before us, Wade H. Greening had a right, and was bound to take the possession of his testator's property in this State, if it could be done without suit. It is equally clear, that having reduced it to possession, as the plea alleges he did, he was responsible to the creditors and legatees for a proper administration. This right vested by the will, and maintained by possession, which drew with it the responsibility mentioned, could not exist in legal contemplation, together with a right in the Orphans' Court of Dallas to transfer it to another. One is utterly incompatible with the other, and the existence of the one presupposes the extinquishment or nonexistence of the other. The property then being reduced to possession as stated in the plea, and (so far as regards possession in this State) not denied by the replication, Wade H. Greening needed no remedy by suit. He asked for no remedial rights, and hence to all the purposes of the administra-

55

JANUARY 1828. tion of the testator's estate, he was an executor, person-
ally and potentially present in the full exercise of all his
Gayle & Pitts rights; and therefore, according to the leading principle
v.
Blackburn. of the case referred to in 8 Cranch, page 9, the Orphans'
Court of Dallas had no jurisdiction, and its act in ap-
pointing the plaintiffs administrators, with the will an-
nexed, was void. Nor can this conclusion be avoided
by the statement in the replication, that the appointment
of the plaintiffs was with the knowledge, privity and
consent of the executor. This cannot be viewed in a
stronger light than a resignation or renunciation in *pais*:
But by the common law an executor had no right to re-
sign; and the right given by a statute, if it can be con-
strued to extend to foreign executors, can only be exer-
*a* Laws Ala. 196. cised in the particular way prescribed. *a* This it seems to
me is the state of the question as it exists, independent
*b* Laws Ala. page of our statute of 1821. *b* This statute, in one respect, ex-
197. § 18. tends the privileges of foreign executors beyond those
allowed at common law. It permits them to sue, though
they cannot obtain judgement until they have produced a
copy of their letters, certified as there prescribed, and
had them recorded, &c. It further restrains them from the
collection of money recovered by judgement, or due to
them in their representative character, until bond is given,
&c. But with these restrictions, except where adminis-
tration has been previously granted, which is not pre-
tended in the present case, to use the strong language of
the statute itself, "an executor appointed out of the State
may maintain any action, demand and receive any debt,
and shall be *entitled to all the rights and privileges* which
he, she or they could have done, or would have had, if
duly appointed and qualified within this State." If then
Wade H. Greening had been duly appointed and quali-
fied in this State, and had taken all the property of his
testator into possession, would the Orphans' Court of
Dallas have had jurisdiction even with his privity and
consent, to have appointed the plaintiffs administrators,
with the will annexed? I think all must say not. But
this statute places him in all respects, unless it was shewn
that it were necessary for him to collect money by suit
or otherwise, in precisely the same situation as if he had
been appointed and qualified in this State.

The conclusion then is, that with the above restrictions,
which are not alleged to exist, he is as much an executor
in the one case as he would be in the other; and there-

JANUARY 1828.

Gayle & Pitts
v.
Blackburn.

fore, as the Orphans' Court would not have had jurisdiction in the one instance, it could not in the other. I am then of opinion that the replication is bad in not replying to the most material allegation of the plea, and that the plea is substantially good. The judgement of the Circuit Court must therefore be affirmed; and in this opinion a majority concur.

JUDGE CRENSHAW not sitting.