# Equitable Life Assurance Society *v.* Vogel's Executrix.

*Action on Policy of Life Insurance.*

1. *Administration and distribution of decedent's estate in different jurisdiction.*—The personal property and assets of a decedent, though situated in different jurisdictions, constitute but one estate, and must be distributed according to the law of the domicile at the time of his death; yet, when the property is in several jurisdictions, and administration is granted in each, each administrator is accountable in the courts of the State in which he was appointed, and each administration must be settled where it was granted.

2. *Grant of administration, when dependent on assets.*—When property is found in a jurisdiction other than that of the decedent's domicile, it will support a grant of administration there; and a debt due by simple contract to the decedent, or to his estate, is sufficient to support a grant of administration in the State where the debtor resides.

3. *Payment of debt to foreign administrator, and action by him.*—A voluntary payment by a debtor to a foreign administrator, though he be the domiciliary administrator, is no bar to a subsequent action by a domestic administrator; yet, if the debtor comes within the jurisdiction by which the domiciliary (or principal) administrator was appointed, he may be there sued, and can not defeat the suit by pleading his liability to the administrator appointed in the State of his own residence.

4. *Domicile of corporation, and actions against.*—A corporation has its domicile, as to debts contracted by it, in the State by which its charter was granted; but it may subject itself to suit in another State, by the appointment of an agent, upon whom, as a statutory condition of doing business there, process may be legally served.

5. *Action on policy of life-insurance, against foreign corporation.* Where a person domiciled in Alabama here obtained a policy of insurance on his own life from a corporation chartered in New York, but having an office and doing business here by an agent, through whom the

[Equitable Life Assurance Society v. Vogel's Executrix.]

policy was effected, and also had his domicile here at the time of his death; an executor appointed here may maintain an action on the policy in the courts of Alabama, notwithstanding the grant of administration also in New York.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

This action was brought by Mrs. Henrietta Vogel, as the executrix of the last will and testament of her deceased husband, Sigmund Vogel, against the Equitable Life Assurance Society of the United States, a corporation chartered by the State of New York; and was founded on a policy of insurance for $5,000, which the decedent had effected on his own life, with the defendant. The policy was dated March, 1883, and was payable to the said "S. Vogel, his executors, administrators, or assigns." Said Vogel died on the 3d December, 1883; his last will and testament was duly proved and admitted to probate in Mobile, where he lived and died, on the 10th December, 1883, and letters testamentary granted to the plaintiff on the same day; and the suit was commenced on the 21st February, 1884.

The defendant filed a special plea, averring "that said defendant is a corporation created by and under the laws of the State of New York, and is not the corporation of any other State or country; that said policy of insurance was made, dated and executed wholly within the State of New York, and by its terms was due and payable at defendant's principal office in the city of New York, State aforesaid, and, in its construction, operation and effect is governed by the provisions of its New York charter and the laws of New York; that the money due under said contract was, at the time of the death of said Vogel, and ever since has been, and now is assets of said Vogel's estate, the *situs* and existence of which was, has been, and now is wholly within the State of New York, before, at, and since the death of said Vogel, the issuance of letters testamentary to plaintiff, the bringing of this suit, and at the time of the filing of this plea. And defendant avers that, at the death of said Vogel, he had creditors in the city of New York, to a large amount, who were and are citizens of said State, and who are now creditors of his estate, and whose claims are just and valid; that Leopold M. Whitehead, a citizen of said State, was duly appointed pursuant to the laws of the State of New York, by the surrogate of the county of New York, temporary administrator of the estate of said Vogel, with the duty and power, as such administrator, to take possession of the goods and chattels, and to collect the credits of said estate which were situate or due and payable in the State of New York, and particularly the

VOL. LXXVI.

money due on said policy of insurance now sued on, which said assets are to be taken, secured, collected and administered under the orders of said court, and subject to the laws of the State of New York. And defendant further avers, that on, to-wit, the 12th December, 1883, the said L. M. Whitehead, as such administrator, served a written notice on this defendant demanding the payment of said policy to him, and to no other person or persons. And defendant further avers, that the said money due on said policy is not assets in the hands of said plaintiff, and is not property situate within the State of Alabama, or subject to the administration of its courts or laws."

To this plea the plaintiff filed a special replication, to which the court sustained a demurrer on a single specified ground; and it was then re-filed, with an amendment, as follows : "For replication to said plea plaintiff says, that said Vogel was at the time of his death, and for more than twelve years prior thereto, a citizen and resident of the State of Alabama, domiciled in the city and county of Mobile, where he lived and carried on business; that he died in said city and county, on December 3d, 1883, leaving property therein, and also leaving a last will and testament, which was duly admitted to probate on the 9th December, 1883, and recorded in the Probate Court of said county, and in which plaintiff is named as the executrix thereof; and by proper and legal proceedings in said court plaintiff was, on the 10th December, 1883, appointed the executrix of said estate, and immediately entered upon the duties thereof, and took possession of the property and assets of said estate, including said policy now sued on ; and on the 11th day of December, 1883, plaintiff made due and legal proof of the death of said Vogel, and delivered the same to John C. Reese, the general agent of the defendant, residing in Mobile, and appended thereto a copy of her letters testamentary, issued to her as aforesaid on the 10th December, 1883; to which proof no objection has been made by defendant. Plaintiff further avers, that the contract for said insurance was made by said S. Vogel, with said agent of defendant, in Mobile, Alabama ; that the premium was paid by him to said agent at Mobile, and said policy was delivered to said Vogel by defendant's said agent in Mobile ; and the same has been in the exclusive possession and control of plaintiff since her said appointment as executrix. Plaintiff further alleges, that if said Whitehead received such an appointment from the Surrogate Court of New York, it was subsequent to plaintiff's said appointment as executrix, and creates in him no title to said policy, and gives him no right to the possession or control thereof, or to collect the same from said defendant, but the right and title thereto is in said plaintiff as executrix as aforesaid. Plaintiff further alleges, that said Vogel

owed many and large debts in this county and State, his credit-
ors residing here, and that the money arising from said policy
should be administered, paid out and distributed, under and by
virtue of the laws of Alabama. Plaintiff further says, that be-
fore said policy was issued, and before said defendant done any
business of insurance in this State, said defendant signed and
sealed, by its proper officers, a written instrument whereby it
declared that service of process mesne or final, issued in any
suit against said defendant therein [?] pending in any court
of record in this State, Federal or State, upon any agent of de-
fendant in this State, made in the manner directed by the laws
of this State for the service of process upon officers of domestic
corporations, shall be as effectual for the purposes of such suit,
and to bind such company, as service of similar process would
be if made strictly in the manner directed by the laws of the
State or county under which said company was organized;
which provision is required by the statute laws of Alabama,
and has been complied with by said defendant, and which was in
full force when this suit was brought, and in pursuance thereof
the process in this case was served on John C. Reese, the
general agent of said defendant, residing in the State and
county at the time the same was issued."

The defendant demurred to this amended replication, speci-
fying various alleged defects as grounds of demurrer; and the
judgment overruling the demurrer is now assigned as error.

GAYLORD B. CLARK & F. B. CLARK, JR.,for appellant, made
these points: (1.) That the *situs* of the debt sued for, as
assets of the estate of Vogel, under the facts stated in the plea,
was in New York.—*Broughton v. Bradley*, 34 Ala. 707;
*Wyman v. Halstead*, 109 U. S. 654; *Vaughn v. Northrup*,
15 Peters, 1; *People v. Home Insurance Co.*, 29 Cal. 533–40;
*Hatchett v. Berney*, 65 Ala. 39; *Young v. O'Neal*, 3 Sneed,
55; *Catlin v. Hull*, 21 Vermont, 156. (2.) That the State of
New York, through its proper courts and officers, had the right
to seize the debt due by a corporation within its borders, and
apply it to the payment of creditors resident there; and even a
voluntary payment to a non-resident administrator would not
bar the debt.—*Hatchett v. Berney*, 65 Ala. 46; Shouler's Ex'rs,
§ 176; *Young v. O'Neal*, 3 Sneed, 55; Story's Conf. Laws,
515 *a;* Wharton's Conf. Laws, 626. (3.) That the appoint-
ment of an administrator *ad colligendum* in New York, on
whom was imposed the special duty of collecting this particular
debt, was a proceeding *in rem*, and was such an assumption by
that court of dominion and jurisdiction over the debt, as vested
in it the exclusive right to collect and administer the property.
*Woodruff v. Taylor*, 20 Vermont, 65; 2 Smith's Lead. Cases,

585-6; *Flora v. Mennice*, 12 Ala. 836. (4.) The jurisdiction over the debt relates back to the date of the receiver's appointment, and his right to collect the debt did not depend on his institution of the first suit.—*Read & Co. v. Sprague & McGown*, 34 Ala. 101. If he had the right to collect the debt, his right was not affected by the fact that the policy, which was only the evidence of the debt, was not in his possession. A life-insurance policy is not a negotiable instrument. (5.) A payment to the Alabama administrator would be no protection to the debtor, against the claim of the New York administrator, nor could the debtor compel the two administrators to interplead.

OVERALL & BESTOR, and R. H. CLARKE, *contra*.—The *situs* of all personal property follows that of the owner, while living. 2 Kent's Com. 429; Story's Conf. Laws, §§ 362, 379; *Metcalf v. Lowther*, 56 Ala. 312. Under this rule, the owner is generally assessed for taxation upon debts due him from foreigners. Burr. Tax. § 41; *St. John v. Mayor*, 21 Ala. 224; Code, §§ 362, 364. On the death of the creditor, the rule as to *situs* is modified to some extent, but not wholly abrogated. In England, and in this country, the title to his personal property, wherever situated, vests in his domiciliary representative, while the distribution of his personal estate is regulated by the law of his domicile.—1 Wms. Ex'rs, 6th Amer. ed., 364, 1515, 1663, marg.; Story's Conf. Laws, § 481; 2 Kent's Com. 431; *Metcalf v. Lowther*, 56 Ala. 312; *Johnson v. Copeland's Adm'r*, 35 Ala. 521; *Gayle v. Blackburn*, 1 Stew. 429; *Wilkins v. Ellett*, 9 Wall. 740; s. c., 108 U. S. 256; *Parsons v. Wyman*, 20 N. Y. 112; *Peterson v. Chemical Bank*, 32 N. Y. 21; *Estate of Butler*, 38 N. Y. 397; *Rand v. Hubbard*, 4 Metc. 251; *Hutchinson v. State Bank*, 12 Metc. 425; *Merrill v. Insurance Co.*, 103 Mass. 245. This principle is recognized by the statutes of Alabama, which do not require the foreign representative to take out letters here, but only to furnish evidence of his foreign appointment, and to give bond for a faithful administration of the assets coming to his hands.—Code, § 2637; *Manly's Adm'r v. Turnipseed*, 37 Ala. 522; *Bell's Adm'r v. Nichols*, 38 Ala. 678. While recognizing this general principle, each State endeavors to control the administration of assets within its jurisdiction, for the protection of its citizens in the payment of debts, and therefore grants administration where there are *bona notabilia*.— *Wyman v. Halstead*, 109 U. S. 656; *Insurance Co. v. Woodworth*, 111 U. S. 138. The disability of the original (or domiciliary) representative, to recover or receive assets anywhere, extends only to the remedy. When he is compelled to sue, he must conform to the *lex fori;* but he may sue in the home forum, in respect of foreign assets, whenever

[Equitable Life Assurance Society v. Vogel's Executrix.]

he can get process served on the debtor.—*Gayle v. Blackburn*, 1 Stew. 433; *Wilkins v. Ellett, supra; Merrill v. Insurance Co.*, 103 Mass. 245; Story's Conf. Laws, § 515, note 3; 1 Wms. Ex'rs, 6th Amer. ed., 362, 364, 366, marg. The domiciliary administrator has even been charged with losses incurred by misfeasance or nonfeasance in respects to foreign assets, where there was no local administration.—*Shultz v. Pulver*, 11 Wendell, 361; *Helme v. Sanders*, 3 Hawks, 566; *Clark v. Blackington*, 110 Mass. 369–74. As against a resident administrator, the statute of limitations runs in favor of a foreign corporation, having an agent here.—*Huss v. Railroad and Banking Co.*, 66 Ala. 472. In this case, the plaintiff is entitled to the benefit of the distinction, sometimes taken, between an executor and an administrator.—*Rand v. Hubbard*, 4 Metc. 251; *Hutchinson v. State Bank*, 12 Metc. 425. Although the defendant corporation was created by the law of New York, and its domicile is there for all ordinary purposes, it does business in Alabama only on condition of appointing an agent here, upon whom process might be served, thereby giving it a statutory domicile, *pro hac vice*, in Alabama; and its attempted defense in this case is a breach and violation of these statutory conditions.—*Insurance Co.v. French*, 18 How. U. S. 404; *Insurance Co. v. Woodworth*, 111 U. S. 138. If the defendant desires only protection, as its plea implies, a payment of the money under the judgment in this case is all it neeeds.—Wharton's Conf. Laws, § 626; *Whipple v. Robbins*, 97 Mass. 107; *Amer. Bank v. Robbins*, 99 Mass. 313; 1 Man. & Gr. 159; *Wallace v. McConnell*, 13 Peters, 136.

CLOPTON, J.—The estate of a decedent, wherever he may reside at the time of his death, and in however many different States portions of the property and assets may be situate, is one estate. Notwithstanding this unity of estate, if administrations are granted in the different States where the property is located, there is not unity of administration—they are separate and independent of each other. The ancillary administration is not the agent of the administration of the domicile, although the latter is the primary administration in the sense that, so far as the rights of distributees are concerned, the distribution of the personal estate is governed by the law of the domicile. Each administrator is accountable in the courts of the State of his appointment, and each administration must be settled where it is granted.

The presence of property—*bona notabilia*—is the foundation, in the absence of residence, of jurisdiction for the grant of administration. Many, if not all of the States, having a due and proper regard for the obligation of the sovereignty to pro-

[Equitable Life Assurance Society v. Vogel's Executrix.]

tect creditors and others interested, who are citizens or residents, have enacted laws regulating the administration of assets within their respective territorial jurisdictions, or prescribing conditions for the exercise, by the domiciliary representative, of his right and authority within such jurisdiction. And although, as a general rule, it is said personal property follows the person of the owner, simple-contract debts, for the purpose of granting administration, are regarded as having a *situs* in the State where the debtor resides.

The ancillary administrator alone has authority to collect the debts and receive the assets situate in the State where the administration is granted. He collects and receives them in his capacity of administrator generally. If it be conceded that, in the absence of prohibitory statutory provisions, a voluntary payment of a debt to the domiciliary representative, by a debtor residing in a different jurisdiction, there being no domestic administrator appointed, will be a good discharge, it is clear that, if a domestic administrator is appointed, the foreign administrator has no authority to collect the debt, and a voluntary payment to him would be no bar to a subsequent suit brought by the domestic administrator to recover the same debt.

Notwithstanding such is the relation between the primary and auxiliary administrations, and such the authority of the ancillary, and the disability of the principal administrator, the title to all the personal property of the decedent is vested in the domiciliary representative for the ultimate purposes of administration—collecting and receiving the assets, paying the creditors, and making distribution, according to the law of the domicile, or to the provisions of the will, if there be one; and for the purpose of distribution, the locality of the personal property, wherever situate, is regarded as at the domicile.— *Wilkins v. Ellett*, 9 Wal. 740. Accordingly, when the auxiliary administrator has fully paid the domestic creditors, the *residue* will, ordinarily, be transmitted to the administration of the domicile, for final distribution. " The difficulty does not lie in any defect of title to the possession, but in a limitation or qualification of the general principles in respect to personal property, by the comity of nations, founded upon the policy of the foreign country to protect the interests of its home creditors." The disability of the original administrator extends only to the remedy, as whoever sues must conform to the law of the forum.—*Dixon v. Ramsay*, 3 Cr. 319; *Gayle v. Blackburn*, 1 Stew. 429; *Hutchins v. State Bank*, 12 Metc. 425. On this principle, the principal administrator, having obtained the possession of notes, or other written evidences of debt, the transfer of which authorizes the assignee to sue in his own name, may sell and transfer them, and the transferree may maintain

suit, in his own name, against the debtors, in the State of their domicile.— *Wilkins v. Ellett*, 108 U. S. 256. On the same principle, if a debtor, residing in a foreign country, comes within the jurisdiction of the appointment of the original administrator, so that he can be found for service of process, such debtor is suable there ; and a plea that he is liable to pay only to the administrator appointed at the place of his domicile, will not avail to defeat the action.—Story on Conf. of Laws, § 515, note 1 ; 3 Wms. on Ex'rs, 1663, note *n* ; *Merrill v. New Eng. L. Ins. Co.*, 103 Mass. 245. The original administrator may enforce by suit the payment of a debt due from a debtor in another State, the evidence of which is in his possession, when he can do so without being compelled to resort to the courts of the domicile of the debtor.

The applicability of this principle to corporations remains to be considered. A corporation has its domicile, as to debts due by it, in the State where it is chartered, for the reason, that "there only can it be sued, or found for the service of process." This general rule has an exception ; and a corporation, like a natural person, is suable wherever it can be found for the service of process, as provided by law. When, therefore, a corporation has voluntarily subjected itself to suit in another State, and appointed an agent there, upon whom process may be legally served, as a condition of doing business, it has a domicile in such State for the purposes of suit, and can be found there for the service of process.—*New Eng. Mu. L. Ins. Co. v. Woodworth*, 111 U. S. 138.

In *Huss v. Central Railroad & Banking Company*, 66 Ala. 472, it was held, that a foreign corporation, having a known place of business in this State, and an authorized agent upon whom process can be served, may plead the statute of limitations, in like manner as a domestic corporation, or resident citizen ; and that such foreign corporation is not absent from the State, in the meaning of the exception to the statute. BRICKELL, C. J., says: "There was continuous presence here, though the domicile of the corporation was in Georgia—continuous liability to suit, and all parties having claims against them were unembarrassed because their domicile was elsewhere."

The case of the *LaFayette Ins. Co. v. French*, 18 How. 404, was an action brought on a judgment obtained in the State court of Ohio, against the company, which was incorporated under the law of Indiana, but did business in Ohio by its agent. The statute of Ohio authorized service of process on such agent. The action was brought in the Federal Circuit Court for the District of Indiana. It is said : "Now, when this corporation sent its agent into Ohio, with authority to make con-

tracts of insurance there, the corporation must be taken to assent to the condition, upon which alone such business could be there transacted by them; that condition being, that an agent to make contracts should also be the agent of the corporation to receive service of process in suits on such contracts; and, in legal contemplation, the appointment of such an agent clothed him with power to receive notice, for and on behalf of the corporation, as effectually as if he were designated in the charter as the officer on whom process was to be served, or as if he had received from the president and directors a power of attorney to that effect. . . . And we hold such a judgment, recovered after such notice, to be as valid as if the corporation had had its *habitat* within the State; that is, entitled to the same faith and credit in Indiana as in Ohio, under the constitution and laws of the United States."

It *New England L. Ins. Co. v. Woodworth, supra,* the company, which was chartered in Massachusetts, was doing business in Illinois. Letters of administration were granted by the proper court in Illinois on the estate of the assured. The administrator commenced the action against the company in a court of the State, which was removed to the United States court. The statute of Illinois required every life-insurance company, not incorporated in Illinois, to appoint in writing a resident attorney, upon whom all lawful process might be served with like effect as if the company existed in that State, with a stipulation, that process served on the attorney should be of the same force and validity as if served on the company; and the statute provided, that service on such attorney shall be sufficient service on the company. Blatchford, J., says: "In view of this legislation and the policy embodied in it, when this corporation, not organized under the laws of Illinois, has, by virtue of those laws, a place of business in Illinois, and a general agent there, and a resident attorney there for the service of process, and can be compelled to pay its debts there by judicial process, and has issued a policy payable, on death, to an administrator, the corporation must be regarded as having a domicile there, in the sense of the rule, that the debt on the policy is assets at its domicile, so as to uphold the grant of letters of administration." The right of the Illinois administrator to maintain the suit was sustained, although the domicile of the assured was neither in Illinois nor in Massachusetts.

The administrator, appointed in New York, has never had possession of the policy, and has not commenced any suit against the defendant in that State. Upon the authorities cited, as well as on principle, we hold that, on the facts stated in the replication, the defendant had a domicile in this State, in the meaning that the debt on the policy is an asset at its domi-

29

cile ; and that the defendant is unable in the courts of this State, as process could be and was served in the manner provided by the law.    Such asset is subject to administration in this State.

The plaintiff, having been qualified as executrix by a court having jurisdiction, where the decedent had his domicile at the time of issuing the policy, and at the time of his death, and having the title, and possession coming to her, has the right to collect the debt, if she is not compelled to resort to a suit in New York.    For this purpose, she is authorized to bring and maintain this action.    The City Court having jurisdiction of the subject-matter and the parties, the judgment she has obtained is entitled to the same faith and credit in New York as in Alabama, notwithstanding an administrator had been appointed in New York.    No such injustice can ensue as a double satisfaction, unless by the *laches* of the defendant. Judgment in this suit, and its payment, will operate to bar any subsequent action that may be brought by the New York administrator.— *Wallace v. McConnell*, 13 Pet. 136 ; *Whipple v. Robbins*, 97 Mass. 107 ; Whar. on Con. of Laws, § 626.    " The priority of suit will determine the right."

We have not deemed it necessary to consider the distinction, made in some cases, in favor of the right of an executor over an administrator, appointed in one State, to collect debts due from debtors residing in another.    As, in this State, letters testamentary must be granted before the executor is invested with any authority over the assets, we prefer to rest our decision on principles applicable alike to both.

The demurrer to the replication was properly overruled. Affirmed.