[No. 12162. Department One. — March 1, 1888.]

## HENRY ROBERTS, APPELLANT, *v.* R. DUNSMUIR ET AL., RESPONDENTS.

JURISDICTION — PERSONAL TORT INFLICTED IN FOREIGN COUNTRY — ALIENS. — The courts of this state have jurisdiction of an action brought by one resident alien against another resident alien who is personally served with summons, to recover damages for personal injuries inflicted on the plaintiff in a foreign country.

APPEAL from a judgment of the Superior Court of Nevada County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*John I. Caldwell,* and *George D. Buckley,* for Appellant.

The action being transitory, the state courts had jurisdiction of it as to the defendant personally served. (Cooley on Torts, 470, 472; *McDonald* v. *Mallory,* 77 N. Y. 547; *Leonard* v. *Columbia S. N. Co.,* 84 N. Y. 48; 38 Am. Rep. 491; *Denneck* v. *R. R. Co.,* 103 U. S. 11; *Smith* v. *Bull,* 17 Wend. 323; *Ackerson* v. *Erie R. R. Co.,* 31 N. J. L. 309; *Scott* v. *Seymour,* 1 Hurl. & C. 217; *Mostyn* v. *Fabrico,* 1 Cowp. 181.)

*W. H. L. Barnes,* for Respondents.

The state court had no jurisdiction of the action. (*Gardner* v. *Thomas,* 14 Johns. 134; 7 Am. Dec. 445; *Johnson* v. *Dalton,* 1 Cow. 543; 13 Am. Dec. 564; *Smith* v. *Bull,* 17 Wend. 323.)

TEMPLE, J.—The plaintiff is a subject of Great Britain, and brings this suit against these defendants, who are also subjects of Great Britain, to recover damages for injuries received while employed by them in their coal mines in British Columbia. At the time of bringing the suit the plaintiff and one of the defendants were actually residing in this state, and the plaintiff had declared his intention to become a citizen of the United

A

States. But one of the defendants was served with summons. He answered, denying the alleged partnership, or that he was ever owner of the mine, which he averred was wholly owned by the defendant, who resided in British Columbia.

On motion of the defendant the court below dismissed the action on the ground that the courts of this state have no jurisdiction. In this it is plain the court erred. (*Johnson* v. *Dalton*, 1 Cow. 543; 13 Am. Dec. 564; *Gardner* v. *Thomas*, 14 Johns. 134; 7 Am. Dec. 445; *Smith* v. *Bull*, 17 Wend. 323.)

The action is transitory and the defendant may be sued wherever found. Otherwise a person might in some cases escape such liability by simply going into another state.

The defendants, R. Dunsmuir and James Dunsmuir, were not personally served, and are not residents of this state. The court had no jurisdiction as to them, if they have not voluntarily appeared in the action. It is claimed they did that by filing a petition asking to have the cause removed to the circuit court of the United States, and by procuring an extension of time to answer after such appearance. The plaintiff at the trial asked to have their default entered, and thereupon read the petition for the removal of the cause, and offered to prove that after such petition was filed the defendants R. and James Dunsmuir applied to the circuit court for and obtained several extensions of the time in which to plead. The court rejected this last evidence of its own motion, saying that it was immaterial, as the court had no jurisdiction of the action. In other words, the court refused to act at all upon the motion for a default, believing it had no jurisdiction of the case.

The judgment is reversed, and cause remanded for a new trial and for further proceedings.

McKINSTRY, J., and SEARLS, C. J., concurred.