[Civ. No. 577.    Second Appellate District.—February 16, 1909.]

ROBERT DOLLAR, Appellant, v. THE INTERNATIONAL BANKING CORPORATION, Respondent.

CERTIFICATE OF DEPOSIT—CONSTRUCTION—WORDS "NOT TRANSFERABLE"—NEGOTIABILITY—ASSIGNABILITY NOT LIMITED—SUBSEQUENT STIPULATIONS.—A certificate of deposit with the words "not transferable" written under its title, is to be construed as intended merely to render the certificate "non-negotiable" under the law-merchant, and not as intended to restrict the mere assignability of the instrument as an incident of ownership, especially when such restrictive words are followed by a subsequent stipulation made part

of the instrument, that the "sum cannot be drawn unless this receipt is returned signed by the depositors," which imports that it may be returned by anyone with the names of the depositors signed thereon.

ID.—CONSTRUCTION OF CONTRACTS—LIMITATION OF CLAUSES—CONSTRUCTION AGAINST PROMISOR.—One clause of a contract apparently conclusive as to a particular thing may be enlarged or limited by other provisions of the instrument upon the same subject; and doubtful or conflicting clauses in an agreement should be construed against the party responsible for the ambiguity, who is presumed to be the promisor.

ID.—CONSTRUCTION AGAINST RESTRICTION UPON ALIENATION.—When one construction of a contract involves the absolute destruction of the property right of alienation, and another retains such right, and, at the same time, protects all parties from loss or injury, that construction should be given which would not forfeit property or property rights.

ID.—PRACTICAL CONSTRUCTION—INTENTION OF PARTIES.—Where the practical construction of an ambiguous contract by the acts of the parties manifests the same intention of the parties which is to be gathered therefrom by correct principles of construction, it affords a reliable clew to their intentions.

ID.—DEMURRER TO COMPLAINT OF ASSIGNEE—ADMISSIONS—INTENTION OF PARTIES—CIRCUMSTANCES OF EXECUTION OF CERTIFICATE—LEX LOCI.—When the complaint on the certificate of deposit by the assignee thereof was demurred to by the maker, and the demurrer admits its averments as to the meaning of the certificate, and as to the intention of the parties thereto, under the circumstances surrounding its execution, and that by the laws, customs and usages of the place of the contract the words "not transferable" merely import non-negotiability, as applied to commercial paper, and do not have the effect to establish its nonassignable character, that it was assigned to the plaintiff by the payee, and that payment thereof was demanded by the assignee and payment refused, the maker's demurrer thereto was improperly sustained.

ID.—CERTIFICATE PAYABLE IN HONGKONG—ACTION IN THIS STATE AFTER DEMAND AND REFUSAL—JURISDICTION—APPEARANCE OF DEFENDANT. Although the certificate of deposit was executed in Hongkong, and by its terms was payable there, yet when it appears that demand of payment was there made by the assignee and payment refused by the maker, and that the maker has a place of business in California, there is no good reason why an action should not be brought against it in the courts of this state, where the defendant gives jurisdiction of its person by an appearance by general demurrer to the complaint, questioning its sufficiency to state a cause of action.

APPEAL from a judgment of the Superior Court of San Diego County.   E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

J. Wade McDonald, for Appellant.

Lloyd M. Robbins, for Respondent.

ALLEN, P. J.—The complaint filed in this action alleges that defendant is a corporation organized for the transaction of a general banking business in every and any place that it shall find convenient, and at all times mentioned was so engaged in such business at San Francisco, California, Hongkong, and Shanghai in China; that in due course of business a corporation known as the American Commercial Company deposited in Hongkong with defendant two thousand Mexican dollars, and that defendant promised to return the same, together with interest thereon at the rate of five per cent per annum, one year thereafter, and thereupon executed and delivered to said depositor a written certificate of deposit in the words and figures following:

"Notice of withdrawal given 26 November, 1904, due 26 November, 1905.

"International Banking Corporation.

"Deposit Receipt.

"Not transferable.

"2,000 Locally.   Hongkong, 26 November, 1904.

"Received from Messrs. The American Commercial Company, Dollars Two Thousand Locally as a deposit repayable here, bearing interest at the rate of five per cent per annum, to remain until twelve months notice on either side expires.

"No. 3/134.

"For the International Banking Corporation.

"L. L. FESPNER.                    CHAS. C. R. SCOTT,

"Accountant.                         Manager."

And on the back of said receipt the following words in print:

"The within sum cannot be drawn, unless this receipt is returned, signed by the Depositors; nor can the amount be

drawn against in separate sums by cheque or draft. The interest will cease at the expiration of notice of withdrawal."

It is further averred that the words "not transferable" appearing at the top of said receipt were not intended by the parties to restrict its assignability, or to impair the right of the depositor to transfer the same and the obligation to repay, but that the sole purpose was to render the same nonnegotiable; that the effect of such words under the laws, usages and customs in such matters at Hongkong on the date of said receipt was to destroy the negotiability of an instrument otherwise negotiable. That on November 1, 1905, the depositor, through its manager, assigned said certificate to *E. H.* Lamme, who on November 26, 1905, demanded payment of defendant, which was refused solely upon the ground that the defendant was not satisfied that the manager of the assignor had authority to execute such assignment. It is averred, however, that before such presentation a court of competent jurisdiction, in an action pending before it wherein the depositor was a party, had adjudged and determined that said manager had authority so to assign the certificate, and of all of which the defendant had notice. That thereafter Lamme assigned said certificate to plaintiff, who again made demand upon defendant at its banking house in San Francisco, which was refused. Nonpayment is alleged, as is the value of said Mexican money in United States gold coin, and judgment is prayed for the equivalent in value in such United States gold coin.

To this complaint defendant interposed a general demurrer, upon the sustaining of which, and plaintiff not desiring to amend the complaint, judgment went for defendant, from which judgment plaintiff appeals.

The primary question, therefore, is as to the assignability of this certificate, having in view all of its terms. It will be observed that the words "not transferable" appearing at the top are followed by a subsequent stipulation that "the sum cannot be drawn unless this receipt is returned signed by the depositors"; not returned by the depositors and signed, but returned by any person with such signatures thereon. These apparently contradictory stipulations render the instrument somewhat uncertain in its terms, and it requires a construction as to what was the intent of the parties at the

time. Without referring to the admitted allegation in the complaint as to what the true intent of the parties was in the use of the words "not transferable," the character of the instrument, the circumstances surrounding its execution, as appears from the complaint, would indicate that the words "not transferable" were used in a manner otherwise than as restricting the right of transfer, which is the essential element of ownership, and that the use thereof was only intended as a notice that the instrument was not issued or received as a negotiable instrument under the law-merchant. It is said by our supreme court, in *San Diego* v. *Granniss,* 77 Cal. 514, [19 Pac. 876], that "one clause of a contract, apparently conclusive as to a particular thing, may be enlarged or limited by other provisions of the instrument upon the same subject." Again, it is a cardinal rule of construction that doubtful or conflicting claims in an agreement should be construed against the party ·responsible for the ambiguity. The promisor is presumed to be such party. (Civ. Code, sec. 1654; *Rankin* v. *Amazon Ins. Co.,* 89 Cal. 203, [23 Am. St. Rep. 460, 26 Pac. 872].) Where one construction involves the absolute destruction of the property right of alienation and another sustains such right and at the same time protects all parties from loss or injury, that construction should be given which would not forfeit property or property rights. A provision involving a total forfeiture should yield to a provision involving only a partial forfeiture. (*Madison* v. *Northwestern etc. Ins. Co.,* 141 Cal. 484, [75 Pac. 113].) Applying these rules and giving full effect to that provision of the contract which made it payable upon presentation by anyone after having procured the signature of the depositor thereto, we are impressed with the conviction that it was not intended by the use of the words "not transferable" to destroy the assignable character of the instrument. This construction is in harmony with the intent of the parties as evidenced from their subsequent acts. It is admitted by the demurrer that when the instrument as assigned and after maturity was presented for payment, that defendant made no objection to the fact of the assignment, nor raised any point as to the nonassignable character of the instrument, but simply objected to the sufficiency of the assignment in the manner made. "When the

meaning of the language of a contract is doubtful, the acts of the parties done under it afford one of the most reliable clews to the intention of the parties." (*Hill* v. *McKay*, 94 Cal. 5, [29 Pac. 406].) Further than this, it is admitted by the demurrer that the intent of the parties was that the instrument should have the effect given by the construction hereinbefore suggested, and that by the laws, customs and usages of the place of the contract the effect of such language was not to establish its nonassignable character. We think, then, that a proper construction of this instrument is to say that it was intended to be issued and was issued as an assignable instrument, but not negotiable in the sense where the term "negotiable" is applied to commercial paper.

Entertaining these views, we deem it unnecessary to pass upon the other question presented by appellant, which relates to the policy of the law in disregarding stipulations of nonassignability where the nature of the thing contracted for, or the circumstances of the case do not show that the skill, credit or other personal quality or circumstance of the party was a distinctive characteristic of the thing stipulated for, or a material inducement to the contract.

The instrument was made payable at Hongkong, and, if assignable, demand was made after maturity at the place stipulated for payment, and which payment was refused. No reason suggests itself why thereafter suit might not be brought thereon in the courts of this state, where the parties enter an appearance and question only the sufficiency of the pleading as stating a cause of action.

We think the court erred in sustaining the demurrer to the complaint, and the judgment is reversed and cause remanded for further proceedings.

Shaw, J., and Taggart, J., concurred.