[Civ. No. 2235.    Second Appellate District.—July 18, 1917.]

## J. V. TERRY, Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation), Appellant.

NEGLIGENCE—PERSONAL INJURIES—FEDERAL EMPLOYERS' LIABILITY ACT —JURISDICTION OF STATE COURTS.—A state court may take jurisdiction of an action for damages for personal injuries under the Federal Employers' Liability Act, as well as an action under the state law.

ID.—ACTION IN STATE COURT—PLEADING—INTERSTATE COMMERCE.—If a carrier engaged both in interstate and intrastate commerce, when sued in a state court, desires to invoke the federal statute for its protection, such option may be exercised by specially pleading such fact, and in the absence of such a pleading it will be presumed that the work performed by the plaintiff was intrastate and not interstate.

ID.—INTERSTATE WORK—EVIDENCE—ABSENCE OF ISSUE.—In an action against a railroad company for damages for personal injuries received by a night foreman of boilermakers in the yards of the company, where there was no plea offered that the work in which the plaintiff was engaged was interstate commerce, the defendant is not entitled to introduce evidence that the plaintiff was thus engaged under the issue of assumption of risk which is available under the federal statute.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Henry T. Gage, W. I. Foley, and W. I. Gilbert, for Appellant.

E. B. Drake, for Respondent.

JAMES, J.—An appeal was taken herein from the judgment entered in favor of the plaintiff and from an order

denying to the defendant a new trial. Plaintiff sued to re-
cover damages for personal injuries alleged to have been sus-
tained while he was employed by the defendant corporation.
He charged in his complaint that the defendant was negli-
gent in failing to place guards and lights about a "transfer-
pit" into which plaintiff fell while at work during the night-
time. Defendant admitted the employment of the plaintiff.
That the plaintiff suffered the injuries complained of was
denied in the answer. It was alleged affirmatively that the
plaintiff failed to use ordinary care and was himself guilty
of negligence by which his alleged injuries were produced.
It was then alleged in defense that plaintiff's own negligence
contributing to produce his injuries "was not slight in com-
parison with gross negligence, if any, of this defendant; and
that if this defendant was guilty of any negligence whatever
in the premises, the said plaintiff was guilty of equal negli-
gence at least, directly and proximately causing and con-
tributing to said accident." There followed in the answer a
further special plea that the accident was caused through a
risk incident to the business in which the plaintiff was em-
ployed, which risk was one which was assumed by the plain-
tiff. The jury assessed damages in plaintiff's favor in the
sum of three thousand five hundred dollars. Plaintiff testi-
fied that he was working at the time he suffered the injuries
complained of as night foreman of boilermakers in the yards
of the defendant corporation in Los Angeles; that in passing
between the boiler-shop and machine-shop, across or about a
transfer-table used for the purpose of distributing locomo-
tives in the shops, he slipped and fell into the pit which was
at the sides of the transfer-table; that there was no other
way of crossing the pit except in the manner then used by
him. He further testified that several men had fallen into
the pit before and that he (the plaintiff) had at different
times called attention of his superior to the conditions and
had urged that there be some lights provided in order that
accidents might be avoided. He did not testify that there
was any promise to erect lights. On cross-examination he
was asked particularly to describe the general conditions of
the place as they were at the time of the accident. In re-
sponse to questions he testified that there were engines lined
up all about the shop and pit—passenger engines and freight
engines. He said: "Any engine that was supposed to be

repaired. All engines under repair were moved by this transfer-pit and transfer-track engines not in operation, all engines under repair were transferred back and forth over the pit.'' This question was then asked: ''Those included passenger engines used outside of Los Angeles and outside of this state?'' There was an objection that the question asked for immaterial matter, which objection being overruled, the witness answered: ''I will answer any engine brought in the shop to be repaired, no matter where it came from, was transferred back and forth; whether they were local or through passenger.'' The defendant called as a witness Patrick Sheedy, its superintendent of motive power. This witness was asked particularly as to the kind of repair work which was done at the shops where the plaintiff was employed; the purpose of the defendant being to show that the business there transacted was all connected with interstate commerce. This line of testimony was objected to, and the court at one point suggested that it might be admitted by agreement and they might ''check up'' on the law later. Sheedy described the character of work done at the railroad shops: He first said that it was interstate business entirely unless some outside party wanted work done, which was often the case; that the transfer-table was used for the purpose of transferring engines used on interstate trains to the repair-shops. While he gave it as his conclusion that the business of the shops was all connected with interstate traffic, on cross-examination he said: ''Interstate commerce is traffic between two states. As to in what sense this table can be traffic between two states, it handles equipment used for that purpose. They can be run over it. It stays where it is all the time and does not go with the train into another state. We use it on all equipment of the company. We have divisions that don't go into another state and going to Sacramento is not in another state. If we run a train to Sacramento and got broken equipment we would use that table on that engine. We use it on the San Francisco line engines.'' The other testimony introduced had to do particularly with the question of the character of the injuries suffered by the plaintiff, which testimony tended to create a conflict in the evidence. As to that matter no question is here presented, for it is conceded that the verdict of the jury is conclusive.

The chief propositions upon which appellant relies for a reversal depend altogether upon whether under the issues made in the case the rules governing the right of recovery are those attending the application of the Federal Employers' Liability Act or those prescribed by the statutes of this state. There is no dispute, and the proposition seems to be conceded, that a state court may take jurisdiction of an action for damages under the Federal Employers' Liability Act, as well as an action under the state law. The alleged injuries suffered by the plaintiff were caused on the fourteenth day of June, 1913, at which time the statute of this state denied to a defendant a defense based upon any alleged assumption of risk by its employee, and also provided that the contributory negligence of an employee "shall not bar a recovery therein where his contributory negligence was slight and that of the employer was gross, in comparison, but the damages may be diminished by the jury in proportion to the amount of negligence attributable to such employee. . . . " (Stats. 1911, p. 796.) It is admitted that under the federal statute the doctrine of assumption of risk was available to its fullest extent in defense of an action by an employee against his employer. Appellant offered instructions, which were refused by the court, first to advise the jury that the work in which the respondent was engaged at the time he suffered his alleged injuries was service relating to interstate commerce; second, that the risk of the injuries suffered was assumed by respondent as an incident to his contract of employment. Respondent's answer to the offered instructions is, first, that no issue was raised as to the work being interstate work; second, that the defense of assumption of risk was insufficiently pleaded. If respondent's first proposition is to be sustained, then the second needs no discussion. As we have before suggested, there was no question made but that the state court had jurisdiction of the action whether it was governed by the provisions of the federal act or those of this state. This being true, it has been held, and we think with the best of reasons, that if a defendant engaged both in interstate and intrastate commerce, when sued in a state court, desires to invoke the federal statute for its protection, such option may be exercised by specially pleading that matter; that in the absence of such a pleading it will be presumed that the work performed by the plaintiff was intrastate and not interstate,

"Nor do we think there was error in striking the evidence tending to show that plaintiff was at the time he received the injury engaged in interstate commerce. The fact that he was so engaged had not been alleged in the petition nor asserted in the answer; so that whether he was so engaged was not in issue. As argued, it is not necessary to plead the statutes of the United States; but, to invoke their benefit, facts rendering these applicable should be pleaded. All essential under the state law was proof that the injury was received because of the negligence of the company in the use or operation of its railway within the state, for until the contrary was made to appear it will be presumed to have been engaged in intrastate commerce. The evidence was rightly excluded." (*Bradbury* v. *Chicago, R. I. & P. Ry. Co.,* 149 Iowa, 51, [40 L. R. A. (N. S.) 684, 128 N. W. 1].) There being no plea offered in this case that the work the employee was engaged in was interstate commerce, defendant was not entitled to introduce evidence supporting such an issue. The evidence was not received without objection so as to entitle appellant to argue that a mutually assumed issue is sustainable without pleading. Assuming that the plea of assumption of risk was a good plea in so far as it presented ultimate facts on such an issue, this plea could not be made to take the place of the necessary pleading of the matter last referred to. The evidence which it is claimed was admitted as showing that the risk was assumed and also that an issue was assumed as to that matter was evidence all competent to be shown for the purpose of measuring the conduct of the respondent at the time he suffered his injuries in the determination of the question as to whether he alone was then at fault. His familiarity with the premises and knowledge of the dangerous conditions surrounding them were all facts pertinent to be considered by the jury in passing upon the question as to whose negligence caused the injuries, wholly aside from any consideration of the plea of assumption of risk. If we were to lay aside our conclusions as just announced and concede that the issue of assumed risk was properly before the jury, it is apparent from the record that there was no testimony whatsoever tending to show what particular work plaintiff was employed in at the time—whether interstate or intrastate. The testimony went to the character of the business being done at the shops and that testimony showed that such busi-

ness was of a mixed kind—that both interstate and intrastate repair work and some "outside work" was there performed. We do not understand it to be the law that merely because the greater amount of business which a carrier is doing at the time happens to be interstate, its liability is determined accordingly under the federal statute; but the test rather is, what particular work is the employee then engaged in, as referable to the two classes, interstate or intrastate? This court gave some consideration to that question in *Smith* v. *Industrial Acc. Comm.*, 26 Cal. App. 560, [147 Pac. 600], and we cite *Zikos* v. *Oregon Ry. & Nav. Co.*, 179 Fed. 893; *Howard* v. *Illinois Central R. R. Co.*, 207 U. S. 463, [52 L. Ed. 297, 28 Sup. Ct. Rep. 141]; *Southern Pacific Co.* v. *Pillsbury*, 170 Cal. 782, [L. R. A. 1916E, 916, 151 Pac. 277]. The latter decision is cited by appellant as being in full accord with its view of the law, but a careful reading of it, in connection with *Zikos* v. *Oregon Ry. & Nav. Co.*, 179 Fed. 893, leads us apart from rather than toward an agreement with that contention. It will have been noted that the appellant, in addition to its plea of assumption of risk, which was inapplicable under the state law, did very fully plead the defense under the state statute of the contributory negligence of the plaintiff and as to the character or quantity of that negligence as compared with any negligence of the defendant. It is evident that the pleader intended fully to avail himself of the defenses under the state statute. That the attempt to establish matters not available under the California law as it existed at the time failed by reason of the imperfections pointed out, we are fully convinced.

The judgment and order are affirmed.

Conrey, P. J., and Works, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 13, 1917, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the second appellate district is denied.

We deem it proper to say that we base our denial upon the last ground stated in the opinion of the district court of

appeal, viz., that it is apparent from the record "that there was no testimony whatsoever tending to show what particular work plaintiff was employed in at the time—whether interstate or intrastate." We are in entire accord with what is said by the district court of appeal on this point.

We are not to be taken as intimating any opinion as to what the situation would have been if, notwithstanding the absence of any issue as to the character of the work made by the pleadings, there had nevertheless been evidence tending to show that the plaintiff, at the time of the accident, was engaged in interstate commerce work.