VAN BUREN v. ARMSTRONG-JEWELL CONSTRUCTION CO.

1. CREDITORS' SUITS—TO MAINTAIN SUIT PLAINTIFF MUST SHOW HE IS REMEDILESS AT LAW.
    Plaintiff, to maintain judgment creditors' bill to reach assets of judgment debtor in hands of others, ordinarily must show that he is remediless at law, and of this the issuance of an execution and its return unsatisfied are the most acceptable proof.

2. SAME—OFFICER'S RETURN "WHOLLY UNSATISFIED" SUFFICIENT.
    Sheriff's return of execution on day following return day "wholly unsatisfied" was sufficient to authorize judgment creditors' bill to reach assets of corporation judgment debtor in hands of others.

3. APPEAL AND ERROR—QUESTION REVIEWED—CREDITORS' SUITS.
    Where, in judgment creditors' suit, defendants put in no evidence, and objected to evidence of plaintiffs, inquiry on appeal is not whether all of plaintiffs' evidence was properly received, but whether there is competent evidence to sustain decree for plaintiffs.

4. EVIDENCE—ADMISSIONS—CREDITORS' SUITS.
    Proof of admissions against interest by defendants in judgment creditors' suit was competent to make case for plaintiffs.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted June 5, 1929. (Docket No. 41, Calendar No. 34,067.) Decided July 8, 1929.

Creditors' bill by Frank P. Van Buren and another against the Armstrong-Jewell Construction Company, a Michigan corporation, John E. Armstrong, Ernest Jewell, and Frank W. Killam. From a decree for plaintiffs, defendants appeal. Affirmed.

*Schmalzriedt, Frye, Granse & Frye,* for plaintiffs.

On admissibility of pleadings as containing admissions against interest, see annotation in 14 A. L. R. 22.

*Leopold D. Mayer,* for defendants Armstrong and Jewell.

CLARK, J.   Plaintiffs had judgment against defendant corporation. An execution was issued and at once placed in the hands of the sheriff. He retained it until the day following the return day, when he returned it "wholly unsatisfied."

Plaintiffs filed this judgment creditors' bill seeking to reach assets of the judgment debtor in the hands of the individual defendants. From a decree for plaintiffs, defendants have appealed.

A plaintiff, to maintain such a bill, must ordinarily show that he is remediless at law, "and of this the issuance of an execution and its return unsatisfied are the most acceptable proof." 15 C. J. p. 1397.

The return of the officer here was sufficient to authorize this bill based on the judgment upon which the execution issued. See *Newlove* v. *Pennock,* 123 Mich. 260; 15 C. J. p. 1400.

Defendants have numerous objections to evidence of plaintiffs. As defendants put in no evidence, the inquiry is not whether all of plaintiffs' evidence was properly received, but whether there is competent evidence to sustain decree. Much of plaintiffs' case was made by proof of admissions against interest by defendants. This was clearly competent (*Cady* v. *Doxtator,* 193 Mich. 170 [14 A. L. A. 10]), and sustains the decree.

On full consideration of the case, we conclude that the decree is affirmed, with costs to plaintiffs.

NORTH, C. J., and FEAD, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred. FELLOWS, J., concurred in the result.