## BURGES v. PROCTOR & GAMBLE DEFENSE CORPORATION.

### No. 12383.

United States Court of Appeals
Fifth Circuit.

Feb. 16, 1949.

P. Z. Jones and Francis S. Bowling, both of Jackson, Miss., and B. H. Loving, of West Point, Miss., for appellant.

D. W. Houston, Sr. and D. W. Houston, Jr., both of Aberdeen, Miss., and Forrest B. Jackson and Joe H. Daniel, both of Jackson, Miss., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

This action was filed on January 18, 1947, in the Circuit Court of the First Judicial District of Hinds County, Mississippi. On March 19, 1947, on petition of appellee, it was removed to the United States District Court for the Jackson Division of the Southern District of Mississippi. The sole ground of removal was diversity of citizenship. The suit was dismissed by the court below without prejudice, at the costs of the plaintiff, under the doctrine of forum non conveniens. This appeal is from a judgment accordingly, entered on July 16, 1947.

The action was for personal injuries sustained by the plaintiff, who was a citizen of Mississippi, residing in the northern federal judicial district thereof. The defendant was a corporation organized under the laws of Ohio, having a resident agent in the southern federal judicial district of Mississippi upon whom process was served in this case.

The doctrine of forum non conveniens was in its formative state in federal jurisprudence when the judgment appealed from in this case was entered. The following decisions are illustrative of the important considerations governing its application: Rogers v. Guaranty Trust Co., 288 U.S. 123, 53 S.Ct. 295, 77 L.Ed. 652, 89 A.L.R. 720; Baltimore & Ohio R. Co. v. Kepner, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L. 1222; Miles v. Illinois Central R. Co., 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104; Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Koster v. (American) Lumbermen's Mutual Casualty Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067; United States v. National City Lines, 334 U.S. 573, 68 S.Ct. 1169; Tivoli Realty, Inc., v. Interstate Circuit, 5 Cir., 167 F.2d 155. Cf. United States v. Scophony Corporation of America, 333 U.S. 795, 68 S.Ct. 855.

The adoption of the doctrine was assailed as an unwarranted judicial innovation, which did not justify the procedural delays, hardships, and complications, incident to its application. It was said that the Supreme Court, 150 years after the passage of the Judiciary Act, ought not to fill in what it thought was a deficiency in the deliberate policy adopted by the Congress, and that whether the doctrine of forum non

542

conveniens was good or bad, the Court should wait for Congress to adopt it.[1]

Notwithstanding the prediction in Note 5, 330 U.S. 517, 67 S.Ct. 847, legislation on the subject came swiftly, due to the adoption of the new Judicial Code, which became effective on September 1, 1948; but, as enacted, the legislation provides for a change of venue rather than for dismissal of the suit, which is an improvement on the rule as applied without specific legislation. New Title 28 U.S.C.A. § 1404(a) is as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

It is apparent that the plaintiff has been delayed for more than two years by procedural issues; and we think justice requires that the judgment appealed from be reversed and the cause remanded for a decision by the Court below as to a change of venue under said Section 1404(a). Cf. United States v. National City Lines, D.C., 80 F.Supp. 734.

Reversed, and remanded for further proceedings not inconsistent with this opinion.

[1] 330 U.S. 516, 517, 67 S.Ct. 847. See also Note 5, 330 U.S. 517, 67 S.Ct. page 847.