[L. A. No. 21099.   In Bank.   Feb. 10, 1950.]

PEARL L. PRYOR, as Administratrix, etc., Appellant, v. UNION PACIFIC RAILROAD COMPANY (a Corporation), Respondent.

Hildebrand, Bills & McLeod and D. W. Brobst for Appellant.

E. E. Bennett, Edward C. Renwick, Malcolm Davis and W. J. Schall for Respondent.

EDMONDS, J.—Pearl L. Pryor, as administratrix of the estate of her deceased husband, sued under the Federal Employers' Liability Act to recover damages for her husband's death which occurred in Wyoming. The railroad company pleaded, as a bar to the action, an agreement executed by the widow limiting to that state the venue of any action to be brought by her. The appeal is from a judgment in favor of the railroad company upon the issue presented by its special defense.

The husband was killed in Wyoming while employed by the railroad company as a brakeman. Shortly thereafter, Mrs. Pryor executed a contract whereby she received $500 from the employer as an advance ''on account of personal

injuries and death'' of her husband, ''such payment not being an admission of liability and to be deducted from any final settlement, which might be made.'' By the terms of the contract, she agreed that, ''in the event settlement cannot be concluded, suit for damages . . . will not be brought in any jurisdiction outside of the State and Federal Courts of . . . Wyoming.''

Section 5 of the Federal Employers' Liability Act (35 Stats. 66, 45 U.S.C.A. § 55) provides that a contract, the purpose of which shall be to enable a common carrier to exempt itself from ''any liability'' created by it shall, to that extent, be void. By section 6 (62 Stats. 989, 45 U.S.C.A. § 56 [Supp. 1948]) an action to recover damages may be brought in a state court or in a United States district court either at the residence of the defendant, or where the action arose, or where the defendant is doing business.

The railroad company contends that the venue granted by section 6 is not a ''liability.'' A further argument is that even if venue be regarded as a part of liability, it may nevertheless be bargained away for a consideration after accrual of the cause of action. The appellant takes the position that any contract by which the employer seeks to restrict the venue privileges accorded by the federal statute, falls within the interdiction of section 5.

Some courts have upheld a contract of the kind made by Mrs. Pryor upon the ground that venue and the liability imposed by the statute are separate and distinct, the term ''liability'' being interpreted as meaning ''liability for damages.'' In other cases, the words ''any liability'' were construed as encompassing the liability of being subjected to suit in any proper forum as designated by section 6. This is the meaning placed upon the statute by the United States Supreme Court, which has just held that a contract limiting venue is void because the ''right to bring the suit in any eligible forum is a right of sufficient substantiality to be included within the Congressional mandate of section 5 of the Liability Act. . . .'' (*Boyd* v. *Grand Trunk Western R. Co.*, 338 U.S. 263 [70 S.Ct. 26, 94 L.Ed. ——].)

The judgment is reversed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.