[Civ. No. 19359. Second Dist., Div. Three. May 27, 1953.]

ELMER SCHULTZ, Appellant, v. UNION PACIFIC RAIL-
ROAD COMPANY (a Corporation), Respondent.

170

Hildebrand, Bills & McLeod and D. W. Brobst for Appellant.

E. E. Bennett, Edward C. Renwick and Malcolm Davis for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment of dismissal entered on the granting of a motion of defendant to dismiss on the ground of *forum non conveniens* in an action for damages for personal injuries brought under the Federal Employers' Liability Act.[1]

Plaintiff, a citizen and resident of the state of Washington, was injured in Washington while in the employ of defendant. Defendant is a Utah corporation, engaged in interstate commerce, authorized to and doing business in Washington and California. Plaintiff commenced the action in the superior court of Los Angeles County and obtained service on defendant in that county. Defendant answered and as a special defense asked that the action be dismissed on the plea of *forum non conveniens*. The special defense was heard separately on motion. The motion was supported by an affidavit which stated facts showing harassment, inconvenience, and expense, sufficient to have warranted the granting of · the motion if the doctrine of *forum non conveniens* may be applied. The motion was granted and a judgment of dismissal entered.

Plaintiff contends that to deny him the privilege of maintaining the action in the superior court of this state would violate the privileges-and-immunities clause of the Constitu-

---

[1] 45 U.S.C.A. § 51 et seq.

tion of the United States.[2] Congress has enacted that an
action under the Federal Employers' Liability Act may be
brought "in the district of the residence of defendant, or
in which the defendant shall be doing business at the time
of commencing such action."[3] Defendant appears to concede
that the superior court has jurisdiction.[4] Its claim is that
although the superior court has jurisdiction, it is not com-
pelled to exercise it, and may dismiss the action under the
doctrine of *forum non conveniens*. We have concluded that
by reason of the privileges-and-immunities clause plaintiff's
choice of a forum in this state cannot be denied on the plea
of *forum non conveniens*.

The privileges-and-immunities clause reads:

"The Citizens of each State shall be entitled to all Privileges
and Immunities of Citizens in the several States."[5]

In *Chambers* v. *Baltimore & O. R. Co.*, 207 U.S. 142 [28
S.Ct. 34, 52 L.Ed. 143], the cause of action, which ran to a
nonresident, was grounded on the death of a locomotive
engineer which occurred in a foreign jurisdiction. The Su-
preme Court of the United States announced these principles
(52 L.Ed. 146) : "The right to sue and defend in the courts
is the alternative of force. In an organized society it is the
right conservative of all other rights, and lies at the founda-
tion of orderly government. It is one of the highest and most
essential privileges of citizenship, and must be allowed by
each state to the citizens of all other states to the precise
extent that it is allowed to its own citizens. Equality of treat-
men in this respect is not left to depend upon comity between
the states, but is granted and protected by the Federal Con-
stitution. . . .

"But, subject to the restrictions of the Federal Constitution,
the state may determine the limits of the jurisdiction of its
courts, and the character of the controversies which shall
be heard in them. The state policy decides whether and to
what extent the state will entertain in its courts transitory

---

[2] U. S. Const., art. IV, § 2, cl. 1.

[3] 45 U.S.C.A. § 56, as amended June 25, 1948, ch. 646, § 18; 62
Stats. 989.

[4] Code Civ. Proc., § 395; Corp. Code, § 6403; *Tropico Land etc. Co.* v.
*Lambourn*, 170 Cal. 33, 45 [148 P. 206]; *Hale* v. *Bohannon*, 38 Cal.2d
458, 473-475 [241 P.2d 4]; *Mondou* v. *New York, N. H. & H. R. Co.*,
(Second Employers' Liability Cases) 223 U.S. 1 [32 S.Ct. 169, 56 L.Ed.
327, 38 L.R.A.N.S. 44]; 28 Cal.L.Rev. 109.

[5] U. S. Const., art. IV, § 2, cl. 1.

actions, where the causes of action have arisen in other jurisdictions. Different states may have different policies and the same state may have different policies at different times. But any policy the state may choose to adopt must operate in the same way on its own citizens and those of other states. The privileges which it affords to one class it must afford to the other. Any law by which privileges to begin actions in the courts are given to its own citizens and withheld from the citizens of other states is void, because in conflict with the supreme law of the land."[6]

In *Miles* v. *Illinois C.R. Co.*, 315 U.S. 698 [62 S.Ct. 827, 86 L.Ed. 1129], it was said (86 L.Ed. 1134) : "To deny citizens from other states, suitors under F.E.L.A., access to its courts would, if it permitted access to its own citizens, violate the Privileges and Immunities Clause."

■ "The rule of *forum non conveniens* is an equitable one embracing the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action before it may be more appropriately and justly tried elsewhere."[7]

In *Leet* v. *Union Pac. R. Co.*, 25 Cal.2d 605 [155 P. 42, 158 A.L.R. 1008], decided in 1944, the Supreme Court of this state held that a plaintiff has an absolute right to have an action under the Federal Employers' Liability Act tried in a competent state court; that such right cannot be defeated by the doctrine of *forum non conveniens*; that the state court must exercise jurisdiction; and that California courts cannot refuse jurisdiction.[8]

---

[6] See, also, *McKnett* v. *St. Louis & S. F. R. Co.*, 292 U.S. 230 [54 S.Ct. 690, 78 L.Ed. 1227]; *Broderick* v. *Rosner*, 294 U.S. 629 [55 S.Ct. 589, 79 L.Ed. 1100, 100 A.L.R. 1133]; *Angel* v. *Bullington*, 330 U.S. 183 [67 S.Ct. 657, 91 L.Ed. 832]; *Missouri Pac. R. Co.* v. *Clarendon etc. Co.*, 257 U.S. 533 [42 S.Ct. 210, 66 L.Ed. 354]; *Slaughter-House Cases*, 16 Wall. (U.S.) 36, 77 [21 L.Ed. 394]; *Reynolds* v. *Day*, 79 Wash. 499 [140 P. 681]; *Morgan* v. *Pennsylvania R. Co.*, 148 Va. 272 [138 S.E. 566]; *State* v. *District Court*, 126 Minn. 501 [148 N.W. 463, Ann.Cas. 1915D 198]; *Eingartner* v. *Illinois Steel Co.*, 94 Wis. 70 [68 N.W. 664]; Anno.: 32 A.L.R. 12; 74 A.L.R. 719; 100 A.L.R. 1143; 134 A.L.R. 1472; cf. *Davis* v. *Farmers' Co-op. Equity Co.*, 262 U.S. 312 [43 S.Ct. 556, 67 L.Ed. 996].

[7] *Leet* v. *Union Pac. R. Co.*, 25 Cal.2d 605, 609 [155 P.2d 42, 158 A.L.R. 1008].

[8] In the Leet case the decedents were killed in Oregon while in the employ of the defendant, they and their heirs were residents of Oregon, the heirs nominated the plaintiff as administratrix in California, the defendant was a Utah corporation doing business in Oregon and California, and the administratrix brought the action in California. See, also, anno.: 158 A.L.R. 1022.

However, in *Missouri* v. *Mayfield*, 340 U.S. 1 [71 S.Ct. 1, 95 L.Ed. 3], decided in 1950, the Supreme Court of the United States held (95 L.Ed. 8) a state may "deny access to its courts to persons seeking recovery under the Federal Employers Liability Act if in similar cases the State for reasons of local policy denies resort to its courts and enforces its policy impartially, see *McKnett* v. *St. Louis & S.F.R. Co.*, 292 U.S. 230 [54 S.Ct. 690, 78 L.Ed. 1227], so as not to involve a discrimination against Employers Liability Act suits and not to offend against the Privileges-and-Immunities Clause of the Constitution. No such restriction is imposed upon the States merely because the Employers Liability Act empowers their courts to entertain suits arising under it.'"[9]

■ It is settled that a state court may not decline to entertain an action by a citizen of another state under the Federal Employers' Liability Act, even though the cause of action arose out of the state and the defendant is a noncitizen and nonresident, unless the circumstances are such that the court would also decline the action if brought by a citizen of the state of suit.[10] ■ Where a state court would exercise its jurisdiction of a transitory action not arising under the Federal Employers' Liability Act, it may not decline to exercise it merely because the action is brought under the act.[11] ■ It is only where a state by statute or judicial decision curtails the jurisdiction of its courts with respect to transitory causes of action arising outside of the state, or sued upon by a nonresident of the forum, that the court has the power to decline jurisdiction if the cause of action arises under the Federal Employers' Liability Act.[12] ■ Where by local law a court has no discretion to refuse jurisdiction over a transitory cause of action of a nonresident, it cannot

[9]See *State* v. *Mayfield*, 362 Mo. 101, 105 [240 S.W.2d 106], cert. den. 342 U.S. 871 [72 S.Ct. 107, 96 L.Ed. 655].

[10]*Missouri* v. *Mayfield*, 340 U.S. 1 [71 S.Ct. 1, 95 L.Ed. 3]; *Mondou* v. *New York, N. H. & H. R. Co.*, (Second Employers' Liability Cases) 223 U.S. 1 [32 S.Ct. 169, 56 L.Ed. 327, 38 L.R.A.N.S. 44]; *Holmberg* v. *Lake Shore & M. S. Ry. Co.*, 188 Mich. 605 [155 N.W. 504]; *State* v. *District Court*, 156 Minn. 380 [194 N.W. 780]; anno.: 32 A.L.R. 12; 96 L.Ed. 412.

[11]*Missouri* v. *Mayfield*, 340 U.S. 1 [71 S.Ct. 1, 95 L.Ed. 3]; *Mondou* v. *New York, N. H. & H. R. Co.*, (Second Employers' Liability Cases) 223 U.S. 1 [32 S.Ct. 169, 56 L.Ed. 327, 38 L.R.A.N.S. 44]; *McKnett* v. *St. Louis & S. F. R. Co.*, 292 U.S. 230 [54 S.Ct. 690, 78 L.Ed. 1227]; *State* v. *Mayfield*, 362 Mo. 101, 105 [240 S.W.2d 106], cert. den. 342 U.S. 871 [72 S.Ct. 107, 96 L.Ed. 655].

[12]See cases collected, 158 A.L.R. 1029.

decline jurisdiction in an action arising under the Federal Employers' Liability Act because the plaintiff is a citizen and resident of another state where the accident happened.[13]

In *Mondou* v. *New York, N. H. & H. R. Co.*, (Second Employers' Liability Cases) 223 U.S. 1 [32 S.Ct. 169, 56 L.Ed. 327, 38 L.R.A.N.S. 44], the Supreme Court of the United States held that where the ordinary jurisdiction of Connecticut courts as prescribed by local laws, was "adequate to the occasion"—that is, extended to actions to recover for personal injuries and death—and the courts were accustomed to exercise that jurisdiction, not only in cases where the right of action arose under the laws of Connecticut but also in cases where it arose in another state under its laws, jurisdiction of an action to enforce rights arising under the Federal Employers' Liability Act could not be declined by the Connecticut courts on the theory the federal statute was not in harmony with the policy of the state or that the exercise of such jurisdiction would be attended by inconvenience and confusion because of the different standards of right established by the congressional act from those recognized by the laws of the state.

*Missouri* v. *Mayfield*, 340 U.S. 1 [71 S.Ct. 1, 95 L.Ed. 3], was certiorari to the Supreme Court of Missouri in Federal Employers' Liability Act cases. The latter court had denied mandate in two original proceedings brought to compel a trial court to exercise discretionary jurisdiction in disposing of motions to dismiss in two actions on the plea of *forum non conveniens.* The two actions were by noncitizens and nonresidents against foreign corporations, which maintained agents in Missouri, for torts committed outside Missouri. The Supreme Court of the United States was in doubt as to whether the Supreme Court of Missouri had felt it was under compulsion by reason of the Federal Employers' Liability Act to deny mandate; and, holding that it "should be freed to decide the availability of the principle of forum non conveniens in these suits according to its own local law," reversed, saying *inter alia* (95 L.Ed. 7) :

"A decision by the highest court of a State determining that the doctrine of forum non conveniens cannot bar an

---

[13]*Missouri* v. *Mayfield*, 340 U.S. 1 [71 S.Ct. 1, 95 L.Ed. 3]; *Boright* v. *Chicago R. I. & P. R. Co.*, 180 Minn. 52 [230 N.W. 457]; *Bright* v. *Wheelock*, 323 Mo. 840 [20 S.W.2d 684, 66 A.L.R. 263]; *State* v. *Mayfield*, 362 Mo. 101, 105 [240 S.W.2d 106], cert. den. 342 U.S. 871 [72 S.Ct. 107, 96 L.Ed. 655].

action based on the Federal Employers Liability Act, in the circumstances before us, may rest on one of three theories. (1) According to its own notions of procedural policy, a State may reject as it may accept the doctrine for all causes of action begun in its courts. If denial of a motion to dismiss an action under the Federal Employers Liability Act is rested on such a general local practice, no federal issue comes into play. (It is assumed of course that the State has acquired jurisdiction over the defendant.) (2) By reason of the Privileges-and-Immunities Clause of the Constitution, a State may not discriminate against citizens of sister States. Art. IV, § 2. Therefore Missouri cannot allow suits by non-resident Missourians for liability under the Federal Employers Liability Act arising out of conduct outside that State and discriminatorily deny access to its courts to a non-resident who is a citizen of another State. . . ."

On remand the Supreme Court of Missouri in *State* v. *Mayfield*, 362 Mo. 101, 105 [240 S.W.2d 106], again denied the writs and said (240 S.W.2d 108, 109): "The policy of this state has been to bar none of its citizens from its courts where there is proper venue and jurisdiction of the parties and subject-matter, and this applies to citizens who are residents as well as non-residents. . . . Since the policy of this state has been, and is, to allow citizens of Missouri (resident and non-resident) to bring and maintain suits under the Federal Employers' Liability Act in the courts of this state, we cannot bar citizens of other states from doing likewise."[14] Certiorari was denied.[15]

In the very recent case of *Pope* v. *Atlantic Coast Line R. Co.*, (April 27, 1953), 345 U.S. 379 [73 S.Ct. 749, 97 L.Ed.

---

[14]Accord: *State* v. *District Court*, 126 Minn. 501 [148 N.W. 463, Ann. Cas. 1915D 198]; *Davis* v. *Minneapolis, St. P. & S. S. M. Ry. Co.*, 134 Minn. 455 [159 N.W. 1084, 1085]; *State* v. *District Court*, 140 Minn. 494 [168 N.W. 589, 590, 1 A.L.R. 145]; *State* v. *District Court*, 156 Minn. 380 [194 N.W. 780, 781]; *Erving* v. *Chicago & N. W. Ry. Co.*, 171 Minn. 87 [214 N.W. 12, 13]; *Boright* v. *Chicago, R. I. & P. R. Co.*, 180 Minn. 52 [230 N.W. 457, 461]; *State* v. *District Court*, 126 Minn. 501 [148 N.W. 463]; *State* v. *Grimm*, 239 Mo. 135 [143 S.W. 483]; *Gold Issue Min. & Mill. Co.* v. *Pennsylvania Fire Ins. Co.*, 267 Mo. 524 [184 S.W. 999]; *Morrison* v. *Illinois Cent. R. Co.*, 101 Neb. 49 [161 N.W. 1032, 1035]; *Southern Pac. Co.* v. *Dusablon*, 48 Tex.Civ.App. 203 [106 S.W. 766]; *Southern Pac. Co.* v. *Allen*, 48 Tex.Civ.App. 66 [106 S.W. 441]; *Deatrick's Adm'r* v. *State Life Ins. Co.*, 107 Va. 602 [59 S.E. 489]; *Eingartner* v. *Illinois Steel Co.*, 94 Wis. 70 [68 N.W. 664, 59 Am.St.Rep. 857, 34 L.R.A. 503]; *State* v. *Gehrz*, 181 Wis. 238 [194 N.W. 418].

[15]342 U.S. 871 [72 S.Ct. 107, 96 L.Ed. 655].

——], the injury occurred in Georgia, which was the place of plaintiff's employment as well as his place of residence. He sued in Alabama. Jurisdiction and venue were grounded on section 6 (45 U.S.C.A. § 56) of the Federal Employers' Liability Act. The court said:

"Section 6 of that Act establishes petitioner's right to sue in Alabama. It provides that the employee may bring his suit wherever the carrier 'shall be doing business,' and admittedly respondent does business in Jefferson County, Alabama. Congress has deliberately chosen to give petitioner a transitory course of action; and we have held before, in a case indistinguishable from this one, that § 6 displaces the traditional 'power of a state court to enjoin its citizens, on the ground of oppressiveness, from suing . . . in the courts of another state. . . .' *Miles* v. *Illinois Central R. Co., supra,* 315 U.S. [698], at 699 [62 S.Ct. 827, 86 L.Ed. 1129]."

█ The general policy of the common-law courts is to entertain transitory tort actions regardless of the parties or the place where the cause of action arose, if the court in which the action is brought has jurisdiction over the parties and the subject-matter. █ The rule is that if a cause of action is transitory the action may be brought in this state if the defendant is found here.[16] █ The superior court of this state is a court of general jurisdiction; it is empowered to and does take cognizance of actions to recover damages for personal injuries; and it is accustomed to exercise that jurisdiction, not only in cases where the right of action arose under the laws of California but also in cases where it arose in another state under its laws and irrespective of whether brought by a citizen, resident or nonresident, or by a noncitizen and nonresident. █ California courts exercise that jurisdiction in actions by citizens of other states, nonresidents of this state, for the trial of transitory causes of action, whether based on the common-law or a statute of a sister state or a statute of the United States.[17] There is

---

[16]*Pugh* v. *Gillam,* 1 Cal. 485; *Roberts* v. *Dunsmuir,* 75 Cal. 203 [16 P. 782]; anno. 32 A.L.R. 6.

[17]*Roberts* v. *Dunsmuir,* 75 Cal. 203 [16 P. 782] (tort committed out of state); *Ferguson* v. *Sherman,* 116 Cal. 169 [47 P. 1023, 37 L.R.A. 622] (action by judgment creditor of foreign corporation on stockholder's liability); *Ryan* v. *North Alaska Salmon Co.,* 153 Cal. 438 [95 P. 862] (death by wrongful act in Alaska); *Loranger* v. *Nadeau,* 215 Cal. 362 [10 P.2d 63, 84 A.L.R. 1264] (tort committed out of the state); *Ex Parte Howitz,* 2 Cal.App. 752 [84 P. 229] (fraud committed in China); *Dollar* v. *International Banking Corp.,* 10 Cal.App. 83 [101 P. 34] (cause of action on nonnegotiable note arose in China); *Hodgkins* v. *Dunham,*

the limitation that the law of the sister state be not contrary to the express provisions of the law or the public policy of California, to abstract justice or pure morals, or injurious to the people.[18]

 The Federal Employers' Liability Act empowers California courts to entertain actions arising under it, but does not compel them to do so. Since it is the policy of California to entertain actions by its citizens, residents and nonresidents, against foreign corporations found within the state on transitory causes of action arising without the state, the privileges-and-immunities clause precludes it from barring citizens of other states from doing likewise. And California courts entertain actions under the Federal Employers' Liability Act.[19]

*Estate of Waits,* 23 Cal.2d 676 [146 P.2d 5], considered two appeals from orders of the probate court appointing an administratrix of two estates. The deceased persons were nonresidents at the time of their respective deaths. Two causes of action for wrongful death were asserted to have accrued in New Mexico while the decedents were in the employ of the Atchison, Topeka and Santa Fe Railway Company. The claim for damages was the sole estate of each decedent. In holding that each claim for damages was "estate" authorizing the appointment of an administratrix, in California, the court stated (pp. 679, 680):

"The Federal Employers' Liability Act authorizes suit by the aggrieved party in any state where the carrier does business. (45 U.S.C.A., sec. 59; *Miles* v. *Illinois Central R.*

---

10 Cal.App. 690 [103 P. 351] (action for deceit against nonresident on cause of action which arose in Illinois); *Faras* v. *Lower California Dev. Co.,* 27 Cal.App. 688 [151 P. 35] (tort committed out of the state); *McManus* v. *Red Salmon Canning Co.,* 37 Cal.App. 133 [173 P. 1112] (death by wrongful act in Alaska); *Koninklijke L. M.* v. *Superior Court,* 107 Cal.App.2d 495 [237 P.2d 297] (cause of action arose in England); *Denver & R. G. R. Co.* v. *Roller,* 9 Cir., 100 F. 738 [41 C.C.A. 22, 49 L.R.A. 77] (tort committed out of state); 5 Cal.Jur. 483, § 52; 14 Am.Jur. 422, § 228; anno.: 32 A.L.R. 6.

[18]*Hudson* v. *Von Hamm,* 85 Cal.App. 323 [259 P. 374]; *Thome* v. *Macken,* 58 Cal.App.2d 76 [136 P.2d 116].

[19]*Leet* v. *Union Pac. R. R. Co.,* 25 Cal.2d 605 [155 P.2d 42, 158 A.L.R. 1008]; *Maurice* v. *State,* 43 Cal.App.2d 270, 279 [110 P.2d 706]; *Terry* v. *Southern Pac. Co.,* 34 Cal.App. 330, 333 [169 P. 86]; *Spencer* v. *Atchison T. & S. F. Ry. Co.,* 92 Cal.App.2d 490 [207 P.2d 126]; *Ericksen* v. *Southern Pac. Co.,* 39 Cal.2d 374 [246 P.2d 642]; *Thompson* v. *Atchison, T. & S. F. Ry. Co.,* 96 Cal.App.2d 974 [217 P.2d 45]; *Perrett* v. *Southern Pac. Co.,* 73 Cal.App.2d 30 [165 P.2d 751]; *Haskins* v. *Southern Pac. Co.,* 3 Cal.App.2d 177 [39 P.2d 895].

*Co.*, 315 U.S. 698 [62 S.Ct. 827, 86 L.Ed. 1129].) Since a suit requires the appointment of a personal representative (*American R.R. Co.* v. *Birch*, 224 U.S. 547 [32 S.Ct. 603, 56 L.Ed. 879]), who is ordinarily allowed to sue only in the state of his appointment (see Code Civ. Proc., sec. 1913), refusal to appoint an administrator in a state where suit is authorized by the act would nullify the very right the act grants. (See *Howard* v. *Nashville C. & St. L. Ry. Co., supra* [133 Tenn. 19, 179 S.W. 380].) An estate must exist before an administrator can be appointed, for if there were no estate there would be no function for the administrator to perform. (See Restatement, Conflict of Laws, comment to sec. 467.) Enforcement of a cause of action for wrongful death under the Federal Employers' Liability Act is a function that can be performed only by the administrator, and such a cause of action should therefore be regarded as an estate justifying his appointment. . . .

"Petitioner contends that the situs of a debt is properly the domicile of the creditor, and that even if this cause of action is regarded as an estate it does not have its situs in Alameda County. . . . [A] debt·will be regarded as an asset wherever the debtor is subject to suit. (*New England Mutual Life Ins. Co.* v. *Woodworth*, 111 U.S. 138 [4 S.Ct. 364, 28 L.Ed. 379] ; *Equitable Life Assurance Soc.* v. *Vogel's Executrix*, 76 Ala. 441 [52 Am.Rep. 344] ; see 23 Minn.L.Rev. 221.) The Federal Employers' Liability Act makes defendant subject to suit on this cause of action wherever defendant does business. Since defendant does business in Alameda County the cause of action has a situs in Alameda County for purposes of administration." It is implicit in this reasoning that California courts will entertain an action for damages on a cause of action arising without the state under the Federal Employers' Liability Act by a nonresident against a corporation doing business in this state since "it would be idle to permit the appointment of an administrator and then have the trial court refuse to exercise its jurisdiction over the action."[20]

In considering the validity of a contract in an action brought by a nonresident in California under the Federal Employers' Liability Act for a wrongful death which occurred in Wyoming, which contract provided that " 'in the event

[20]*Leet* v. *Union Pac. R. R. Co.*, 25 Cal.2d 605, 613 [155 P.2d 42, 158 A.L.R. 1008]; anno.: 73 A.L.R. 593; 163 A.L.R. 1285.

settlement cannot be concluded, suit for damages . . . will not be brought in any jurisdiction outside of the State and Federal Courts of . . . Wyoming.' " the court, in *Pryor* v. *Union Pac. R. Co.*, 34 Cal.2d 724 [214 P.2d 377], said (p. 725) : "In other cases, the words 'any liability' were construed as encompassing the liability of being subjected to suit in any proper forum as designated by section 6 [45 U.S.C.A. § 56]. This is the meaning placed upon the statute by the United States Supreme Court, which has just held that a contract limiting venue is void because the 'right to bring the suit in any eligible forum is a right of sufficient substantiality to be included within the Congressional mandate of section 5 of the Liability Act. . . .' (*Boyd* v. *Grand Trunk Western R. Co.*, 338 U.S. 263 [70 S.Ct. 26, 94 L.Ed. 55].) "[21]

The courts of California have consistently entertained causes based on transitory causes of action against foreign corporations doing business in this state, brought by a citizen of this state where the tort occurred outside the state. Since a citizen of this state, resident or nonresident, has the privilege of suing any person or corporation who may be found in the state on a transitory cause of action which arose outside the state, a citizen of a sister state has the same privilege secured to him by the Constitution of the United States.

While Congress in 1948 empowered the District Courts of the United States to transfer an action under the Federal Employers' Liability Act to any other district or division where it might have been brought, "for the convenience of parties and witnesses, in the interest of justice,"[22] state courts were not so empowered. The venue of state court suits was left to the practice of the forum.[23] The 1948 statute provides that a cause may be transferred—not dismissed. Under *forum non conveniens* the cause is dismissed and must be instituted anew in the more convenient forum,

---

[21]See, also, *Wallan* v. *Rankin,* 9 Cir., 173 F.2d 488; *Traglio* v. *Harris,* 9 Cir., 104 F.2d 439 [127 A.L.R. 803]; 5 So.Cal.L.Rev. 242; 13 So. Cal.L.Rev. 503.

[22]62 Stats. 937; 28 U.S.C.A. § 1404. See *Ex parte Collett,* 337 U.S. 55 [69 S.Ct. 944, 93 L.Ed. 1207, 10 A.L.R.2d 921]; *Boyd* v. *Grand Trunk Western R. Co.,* 338 U.S. 263 [70 S.Ct. 26, 94 L.Ed. 55].

[23]*Pope* v. *Atlantic Coast Line R. Co.,* 345 U.S. 379 [73 S.Ct. 749, 97 L.Ed. ——]; *O'Donnell* v. *Elgin, Joliet & Eastern Ry. Co.,* 7 Cir., 193 F.2d 348, 352, cert. den. 343 U.S. 956 [72 S.Ct. 1051, 96 L.Ed. 1356].

carrying with it the hazard of being barred by the statute of limitations.[24]

■ As we have noted, the Federal Employers' Liability Act says that an action arising under it may be brought "in the district of the residence of the defendant, or in which the defendant shall be doing business at the time of commencing the action."[25] It is no doubt true that defendant will suffer some inconvenience and be put to extra expense in taking depositions, with their attendant disadvantages, and in producing witnesses to testify in this state, but we must assume the Congress considered such inconvenience and expense in placing jurisdiction in any state in which the defendant is doing business at the time. ■ While it may not comport with one's concept of justice to permit an action to be litigated in a forum where, on the balance, unnecessary hardship, inconvenience, and expense will be cast on one party without any compensational fair convenience to the other party, but where, on the contrary, the action might more conveniently be litigated in another forum available equally to both parties—the matter is one for the Congress and not for the courts.

The Supreme Court of the United States in the very recent case of *Pope* v. *Atlantic Coast Line R. Co.*, 345 U.S. 379 [73 S.Ct. 749, 97 L.Ed. ——], speaking of the power which in 1948 had been given to the United States District Courts, stated:

"Congress might have gone further; it might have vested state courts with the power asserted here. In fact, the same Congress which enacted § 1404 (a) refused to enact a bill which would have amended § 6 of the Federal Employers' Liability Act by limiting the employee's choice of venue to the place of his injury or to the place of his residence.

"This proposed amendment—the Jennings Bill—focused Congress' attention on the decisions of this Court in both the Miles and the Kepner cases. The broad question—involving many policy considerations—of whether venue should be more narrowly restricted, was reopened; cogent arguments—both pro and con—were restated. Proponents of the amend-

---

[24]*Burges* v. *Proctor & Gamble Defense Corp.*, 5 Cir., 172 F.2d 541, 542; *Seven Oaks* v. *Federal Housing Administration*, 4 Cir., 171 F.2d 947, 949; *Schoen* v. *Mountain Producers Corp.*, 3 Cir., 170 F.2d 707, 714; *Cinema Amusements* v. *Loew's, Inc.* (D.C. Del.) 85 F.Supp. 319, 322.

[25]45 U.S.C.A. § 56, as amended June 25, 1948, ch. 646, § 18; 62 Stats. 989.

ment asserted that, as a result of the Miles and Kepner decisions, injured employees were left free to abuse their venue rights under § 6 and 'harass' their employers in distant forums without restriction. They insisted that these abuses be curtailed. These arguments prevailed in the House which passed the Jennings Bill, but the proposed amendment died in the Senate Judiciary Committee, and § 6 of the Federal Employers' Liability Act was left just as this Court had construed it.''

█ The Congress having given the right under the Federal Employers' Liability Act to an injured party to maintain an action for damages in the courts of the district where the defendant is doing business at the time the suit is commenced, the privilege of venue thus granted cannot be frustrated for reasons of convenience or expense. █ We are not concerned with the justice or the wisdom of such legislation. The province of the courts is to interpret the laws passed by the Congress and not to seek to correct legislative enactments or to change laws because they have given rise to consequences which may not have been contemplated by the Congress, no matter how dire the results.[26]

█ We hold that the courts of California may not, consistently with the Constitution of the United States, decline on the basis of *forum non conveniens* to take jurisdiction of an action under the Federal Employers' Liability Act, founded on a cause of action which arose without the state, brought by a noncitizen and nonresident against a foreign corporation doing business within the state.

Reversed.

Shinn, P. J., and Wood (Parker), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 22, 1953. Edmonds, J., and Spence, J., were of the opinion that the petition should be granted. Schauer, J., did not participate therein.

---

[20]*Baltimore & Ohio R. Co.* v. *Kepner,* 314 U.S. 44 [62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222]; *Hoffman* v. *Missouri ex rel. Foraker,* 274 U.S. 21 [47 S.Ct. 485, 71 L.Ed. 905]; *Miller* v. *Municipal Court,* 22 Cal. 2d 818, 851 [142 P.2d 297]; *Schendel* v. *McGee,* 8 Cir., 300 F. 273; *Butts* v. *Southern Pac. Co.* (D.C. N.Y.) 69 F.Supp. 895; *Winders* v. *Illinois Cent. R. Co.,* 177 Minn. 1 [223 N.W. 291, 226 N.W. 213]; *Sacco* v. *Baltimore & O. R. Co.* (D.C. N.Y.) 56 F.Supp. 959.