HENDRY, Judge.
Appellant-defendant prosecutes this interlocutory appeal from an order denying his motion to dismiss for lack of jurisdiction.
Plaintiff-appellee, a non-resident of Florida, filed a complaint styled “Complaint In Action Ex Contractu”, joining appellant Ray Payton, a non-resident, as principal defendant and the Five Points ’National Bank of Miami, as garnishee. Plaintiff then served the bank with a Writ of Garnishment. The suit was quasi in rem, as plaintiff sought to garnish a bank account *49 of defendant Payton in garnishee bank. Mr. Payton, who was not personally served, made a special appearance by which he sought to dismiss the cause and dissolve the writ of garnishment on the ground that the court lacked jurisdiction.
Clearly, personal service of process on a non-resident principal defendant is not required to gain quasi in rem jurisdiction over his property within this state by way of garnishment.[1]
It is appellant’s contention that by virtue of the language of Pennoyer v. Neff,[2] as quoted in the Harris & Co. Advertising, Inc. v. Republic of Cuba case,[3] a quasi in rem action is not available to a non-resident plaintiff against a non-resident principal defendant.
Even if a proper construction of the dictum of Pennoyer is as appellant contends, a contrary result has been reached in numerous cases decided subsequent to Pennoyer.[4]
We perceive the majority view to be as follows:
“There can be no doubt that a nonresident may maintain an ordinary action upon a money demand * * * without regard to the place where the cause of action arose; and, as an attachment is nothing more than a remedy in aid of an ordinary action, we see no reason why such non-resident may not invoke such remedy just as well as a citizen of this state, unless there is something in the provisions óf our attachment law which confine the benefits afforded by it to citizens or residents of this state.” [5]
Florida prescribes no limitation regarding residency of a plaintiff to avail himself of garnishment procedure.[6] We do not feci that due process requires us to judicially engraft upon the statute such a limitation.
The order appealed is therefore affirmed.
Affirmed.

. Harris & Co. Advertising, Inc. v. Republic of Cuba, Pla.App.1961, 127 So.2d 687.

. 95 U.S. 714, 24 L.Ed. 505 (1878).

. Supra, note 1 at G98.

. e. g. Sheldon v. Blanvelt, 29 S.C. 453, 7 S.E. 593, 1 L.R.A. 685 (1888); Hodgson v. Southern Building & Loan Ass’n, 91 Md. 439, 46 A. 971, (1900) ; Morrison v. Illinois Cent. R. Co., 101 Neb. 49, 161 N.W. 1032 (1917). See also Anno: 14 A.L.R.2d 420 et seq.

. Sheldon v. Blanvelt, 29 S.C. 453, at 497, 7 S.E. 593 at 597 (1888).

. Ch. 77.01 F.S., F.S.A. Right to Garnishment:
“Every person who shall have brought a suit to recover a debt or shall have recovered a judgment in any court of this state against any person, * * * shall have a right to a 'writ of garnishment, * *