990 So.2d 623 (2008)
TJ MANAGEMENT GROUP, L.L.C., Appellant,
v.
Ehud ZIDON, et al., Appellees.
No. 3D08-894.
District Court of Appeal of Florida, Third District.
September 3, 2008.
*624 Roniel Rodriguez IV, Miami, for appellant.
David J. Schottenfeld, Plantation, for appellees.
Before RAMIREZ, SUAREZ, and CORTIÑAS, JJ.
SUAREZ, J.
TJ Management Group, LLC ("TJ Management") appeals a non-final order denying a Motion to Dissolve Order Granting Emergency Interim Relief. We have jurisdiction, see Fla. R.App. P. 9.130, as the Order Granting Emergency Interim Relief is in the nature of an injunction and the order being appealed denying the Motion to Dissolve Order Granting Emergency Interim Relief is, therefore, an order denying a motion to dissolve an injunction. CMR Distribs., Inc. v. Resolution Trust Corp., 593 So.2d 593 (Fla. 3d DCA 1992). We affirm the trial court's order and remand with instructions.
The tortured history of the facts of this case is nothing more than a shell game where, through slight of hand, the pea (in this case $210,000.00) disappears in contravention of two court orders from under one shell and reappears under a different shell. On October 18, 2007, Oren Cohen, one of the stakeholders to the funds which are the subject of this appeal, was enjoined by the trial court from in any way disposing of his interest in Post Restaurant & Lounge, LLC ("Post"), which had a partial leasehold interest of approximately $210,000.00, as a result of Cohen's early termination of the lease. On October 23, 2007, Cohen received a check made payable to Post in the amount of $210,000.00 from the trust account of the attorney for the landlord. On October 25, 2007, the trial court entered an ex parte Supplemental Order Granting Emergency Relief requiring deposit of the $210,000.00 into the Registry of the Court. In direct defiance of the court's instructions, Cohen negotiated the check drawn on the attorney's trust account, obtained a cashier's check in the amount of $210,000.00 and, on October 29, 2007, deposited the cashier's check into a Post account at Washington Mutual Bank. On the same day, Cohen accepted service of process for Post in an action brought by TJ Management on an outstanding debt due on a promissory note. Mr. Cohen immediately entered into a Consent Final Judgment in favor of TJ Management in the amount of $210,389.42. The Consent Final Judgment allowed for execution on the judgment. Before another circuit court judge, TJ Management obtained a Writ of Garnishment in that amount, naming Post and Washington Mutual as defendants. Prior to the Final Judgment in *625 Garnishment, upon the issuance of a Rule to Show Cause, the trial court in this action took testimony and determined that Cohen had negotiated, obtained, and deposited into a Washington Mutual account a cashier's check for $210,000.00 in contravention of its prior orders enjoining disbursement of the funds and requiring them to be deposited into the Registry of the Court. On November 20, 2007, in an Order Granting Emergency Interim Relief, the trial judge froze the funds in the Washington Mutual account pending further order of the Court. On November 27, 2007, an Unopposed Final Judgment in Garnishment was entered in the other proceeding, ordering Washington Mutual to release the funds to TJ Management. TJ Management admits that it was informed on November 30, 2007, by Washington Mutual of the Interim Order now before us. TJ Management waited until January 25, 2008, to file the present Motion to Dissolve the Order enjoining the disbursement of funds from the Washington Mutual account. After taking testimony, the trial court denied TJ Management's Motion to Dissolve.
TJ Management now appeals the non-final order denying the Motion to Dissolve. We affirm the denial of the Motion to Dissolve and remand with instructions.
In considering a request for an injunction, the trial court has wide discretion to grant, deny, modify or dissolve a temporary injunction, and an appellate court will not intercede unless an abuse of discretion has been shown. Vargas v. Vargas, 771 So.2d 594 (Fla. 3d DCA 2000).
Based on the facts of this case, we agree with the appellee's main point on appealthat the trial court had the authority to enforce its previously entered injunctive orders requiring deposit of the funds into the Court Registry, by entering the Interim Order preventing any further distribution pending order of the court. Because the purpose of a temporary injunction is not to resolve disputed issues, but to preserve the status quo pending final hearing on the merits, Escudero v. Hasbun, 689 So.2d 1144 (Fla. 3d DCA 1997), we hold that an order freezing funds held in a bank account for further determination on the ownership rights to those funds is in the nature of an injunction properly entered below. We base our conclusion on the legal principle that a trial court has the inherent authority to enforce its previously entered orders. Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So.2d 606 (Fla.1994). Because the trial court here entered two prior orders preventing Cohen from disposing of the assets of Post and requiring him to deposit those assets into the Court Registry, the trial court was empowered to secure those assets in the Washington Mutual account where they had been deposited. Cohen further violated the orders by entering into a Consent Final Judgment for the entire amount of those assets in favor of TJ Managementwhich he then deposited into a Post account at the Bank. To enforce the effect of the trial court's prior orders, which safeguarded the assets pending appointment of a Receiver, the trial court had the inherent power to continue the injunctive relief requested and prevent disbursement of those funds. Id.
We reject the Appellee's contention the trial court lacked jurisdiction to enforce its own orders. See Hale v. Miracle Enters., 517 So.2d 102, 103 (Fla. 3d DCA 1987) ("[a] trial court necessarily retains jurisdiction to modify an injunctive order whenever changed circumstances make it equitable to do so."); see also Payton v. Swanson, 175 So.2d 48 (Fla. 3d DCA 1965) (holding that personal service not required *626 to establish quasi in rem jurisdiction over property by way of garnishment).[1]
TJ Management now argues that the trial court's Order Denying the Motion to Dissolve should be reversed because the trial court failed to specify the reasons for its entry of the Interim Order. See Fla. R. Civ. P. 1.610(c). The problem with TJ Management's argument is that it did not appeal the Interim Order, but instead chose to file a Motion to Dissolve the Interim Order and failed to raise that issue as one of the grounds for dissolution. In fact, TJ Management failed to raise any new issues to show the required change of circumstances necessary to warrant the trial court's dissolving the Order. Thomas v. Osler Med., Inc., 963 So.2d 896 (Fla. 5th DCA 2007) (holding that injunction with notice only should be dissolved where facts have changed to the point that equity dictates that the injunction is no longer needed). Where, as in this case, the appeal taken is from the denial of a Motion to Dissolve a temporary injunction, the appellant cannot raise arguments that should have been raised, but were not, at the evidentiary hearing on the Motion to Dissolve. See Spaulding v. Estate of Frey, 666 So.2d 935 (Fla. 5th DCA 1995). To do so amounts to an attempt to evade the court's order and to get the proverbial second bite at the apple. Although, at the Motion to Dissolve, it had the burden of proving that the Interim Order should not have been entered, TJ Management failed to argue that the Interim Order did not contain the required factual reasons for its entry or show any required change in condition from the time the Interim Order had been entered. Therefore, the trial court did not abuse its discretion in denying the Motion to Dissolve. See McCahill v. Braishfield Assocs., 661 So.2d 399 (Fla. 5th DCA 1995) (holding that motion to dissolve injunction properly denied when grounds could have been raised at hearing or on direct appeal); Shadow Lakes Woods, Inc. v. Schneider, 414 So.2d 3 (Fla. 5th DCA 1982) (holding that party against which injunction had been issued was not entitled to dissolution of injunction where it made no showing that it was unable to comply with original order because of conditions which occurred subsequent to original order).
We do agree that the trial court should have conducted a hearing to set a proper injunctive bond. Therefore, we affirm the denial of the Motion to Dissolve and remand with instructions to set a proper injunctive bond. Fla. R. Civ. P. 1.610(b); see Babuschkin v. Royal Standard Corp., 305 So.2d 253 (Fla. 3d DCA 1974).[2]
Affirmed and remanded with directions.
NOTES
[1] We find no merit in the Appellee's argument that personal jurisdiction was a condition precedent to the issuance of the injunctive relief in the proceeding below. Harris & Co. Adver. Inc. v. Republic of Cuba, 127 So.2d 687, 693 (Fla. 3d DCA 1961).
[2] As Appellant appeals the denial of its own Motion to Dissolve, the challenge to its issuance on grounds of notice, is without merit. See State v. Beeler, 530 So.2d 932 (Fla. 1988).