IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JAMES SCOTT PENDERGRAFT, IV,
ORLANDO WOMEN'S CENTER, LLC,
WILSON MEDICAL MANAGEMENT, LLC,
WILSON MEDICAL MANAGEMENT, INC.,
GORILLA REALTY MANAGEMENT, LLC, ET AL.,

     Appellants,

 v.                              Case No.  5D17-49

C.H., AS SETTLOR OF THE J.F. SPECIAL
NEEDS TRUST and THE CENTER FOR
SPECIAL NEEDS TRUST ADMINISTRATION,
INC., AS TRUSTEE OF THE J.F. SPECIAL
NEEDS TRUST,

     Appellees.

_____/

Opinion filed September 7, 2017

Non-Final Appeal from the Circuit Court
for Orange County,
John Marshall Kest, Judge.

Elizabeth Siano Harris, of Widerman Malek,
PL, Melbourne, for Appellants.

Richard J. Stone, of Richard J. Stone, P.A.,
Miami; and Frank F. Fernandez, III,
The Fernandez Firm, Tampa, for Appellees.


PER CURIAM.

     Appellants appeal from an order freezing their assets in proceedings supplementary filed below.  We affirm in part and reverse in part.

An order freezing assets for further determination of the ownership right to those assets is in the nature of an injunction. TJ Mgmt. Grp., L.L.C. v. Zidon, 990 So. 2d 623, 625 (Fla. 3d DCA 2008). When an appeal is taken from the entry of a temporary injunction, Appellants cannot raise arguments that should have been, but were not, raised at the hearing in the trial court. See id. at 626. However, here, the trial court failed to require Appellee to post a bond, a ministerial act. See Fla. High Sch. Activities Ass'n v. Mander ex rel Mander, 932 So. 2d 314, 315-16 (Fla. 2d DCA 2006) (holding that trial court cannot waive bond requirement nor can bond be nominal); Cushman & Wakefield, Inc. v. Cozart, 561 So. 2d 368, 370 (Fla. 2d DCA 1990) ("A trial court must require the movant to post an injunction bond before it enters a temporary injunction."). Though the circuit court can determine the appropriate amount of the bond after hearing evidence from all parties, the court is without discretion to determine whether to set bond in the first place. See Bellach v. Huggs of Naples, Inc., 704 So. 2d 679, 680 (Fla. 2d DCA 1997).

For these reasons, we affirm the order freezing Appellants' assets, but remand for the trial court to determine an appropriate injunction bond.

AFFIRMED in part; REVERSED in part; and REMANDED.

COHEN, C.J., ORFINGER and BERGER, JJ., concur.

2