# Third District Court of Appeal

## State of Florida

Opinion filed April 26, 2023.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D22-1282
Lower Tribunal No. 22-11560

————————

**City of Miami**,
Appellant,

vs.

**Mia Casa, LLC**,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Victoria Méndez, City Attorney, and Eric J. Eves, Assistant City Attorney, for appellant.

Gunster Yoakley & Stewart, P.A., and Amy Brigham Boulris and Michael B. Green, for appellee.

Before LOGUE, MILLER and BOKOR, JJ.

PER CURIAM.

Affirmed. See City of Miami Beach v. Clevelander Ocean, L.P., 338 So. 3d 16, 23 (Fla. 3d DCA 2022) (concluding that "competent, substantial evidence support[ed] the decision by the trial court to preserve the status quo pending the final resolution of the issues presented"); see also TJ Mgmt. Grp., L.L.C v. Zidon, 990 So. 2d 623, 625 (Fla. 3d DCA 2008) ("In considering a request for an injunction, the trial court has wide discretion to grant, deny, modify or dissolve a temporary injunction, and an appellate court will not intercede unless an abuse of discretion has been shown."); Sun Cruz Casinos, L.L.C v. City of Hollywood, 844 So. 2d 681, 684–85 (Fla. 4th DCA 2003) ("Although the party raising estoppel must prove the required elements by clear and convincing evidence, the trial court's findings should not be overturned on appeal unless the findings are clearly erroneous or lacking in evidentiary support.") (citation omitted); Bruce v. City of Deerfield Beach, 423 So. 2d 404, 406 (Fla. 4th DCA 1982) (explaining that the concept of administrative exhaustion "is not a strict jurisdictional matter but a flexible concept tailored to the administrative statutes and circumstances") (quotation omitted).